IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-2600
_____

United States of America,

Plaintiff-Appellee,

versus

Richard J. Nevers,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(October 29, 1993)

Before JOHNSON, WIENER and DeMOSS, Circuit Judges.

JOHNSON, Circuit Judge:

This case calls for the Court to determine whether the federal conflict-in-interest statute is unconstitutionally vague. Defendant Nevers, a trade specialist for the United States Department of Commerce, attempted to persuade a potential Commerce Department client, Murray Studley, to grant World Consultants International ("WCI") the exclusive right to sell Studley's products abroad. Because Nevers knew that his wife had a financial interest in WCI, Nevers was indicted for and convicted of violating the conflict-in-interest statute. Nevers appeals his conviction. Finding no reversible error, we affirm.

I.  Facts and Procedural History

Richard Nevers was employed by the Department of Commerce for almost twenty years.[1]  During the last nine of those twenty years, Nevers served as a trade specialist[2] in the International Trade Administration ("ITA"), a sub-agency of the Department of Commerce. In April of 1989, Murray A. Studley sought the ITA's assistance in selling 600 buses in other countries.  Nevers was assigned as Studley's counselor, and the two men met several times.  During their fourth meeting, which occurred on Saturday, April 22, 1989, Nevers presented Studley with a contract which purported to give

---

[1]The Department of Commerce is part of the Executive Branch of the United States Government.

[2]A trade specialist is required to assist public businesses in their efforts to export goods or services.  Although a trade specialist's primary purpose is to provide free counseling on the mechanics and techniques of international trade, specialists also refer their clients and potential clients (together referred to as "clients") to other organizations which have information on such subjects as potential business contacts or international attorneys.  Longstanding ITA rules, however, have prohibited trade specialists from specifically recommending a particular firm or company to their clients.  Additionally, recommending a firm or company in which the trade specialist or his spouse has a financial interest has been specifically forbidden by the ITA Code of Ethics and Department of Commerce rules.  Under the rules, if a client asks a trade specialist to recommend a specific company, the specialist must provide the client with a list of companies and an explanation that recommending a particular company is not allowed.

According to Nevers' supervisor, James Cook, these rules have been in existence for at least twenty-six years.  Cook testified that the employees under his supervision are regularly provided information on these rules during their periodic training.  Cook also averred that he routed memoranda which explained expansions or revisions to these and other ITA rules to each employee and maintained a Code of Ethics in the office for the employees to review.

Because Nevers worked under Cook each of his nine years as a trade specialist, he should have known that recommending a specific company to his clients was forbidden.

WCI a two-year, exclusive right to sell the buses.[3]  Mr. Studley declined to sign the agreement.[4]

Disgruntled with Nevers' assistance, Mr. Studley visited the Texas Department of Commerce to obtain help.  He informed his counselor there about his experience with the ITA office, and the counselor apprised the ITA regional director of Nevers' improprieties.  The regional director launched an in-depth investigation into Studley's allegations.  That investigation revealed that Nevers' wife, Raquel, had incorporated WCI in 1983 and was the sole officer, director, and employee of the company.

Nevers was later charged with violating the federal conflict-in-interest statute.  The district court found Nevers guilty of the charged offense in May 1992 and sentenced him to three months' imprisonment.  Nevers appeals, arguing that the conflict-in-interest statute is vague, that his indictment was inadequate, and that the evidence against him was insufficient.

## II.  Discussion

### A.  Unconstitutionally Vague

Whether a criminal statute is void for vagueness is a question of law which this Court reviews *de novo*.  *United States v. Helmy*, 951 F.2d 988, 993 (9th Cir. 1992), *cert. denied*, 112 S. Ct. 2287;

---

[3]Interestingly, the contract also required the parties to "keep totally confidential any and all names, telephone numbers, telex numbers and any other matters arising between the parties." Government's Exhibit 1.

[4]He instead voiced numerous concerns about the contract and specifically asked Nevers for the names of the principals involved in WCI.  Nevers refused to answer Studley's questions.

*United States v. Agnew*, 931 F.2d 1397 (10th Cir. 1991), *cert. denied*, 112 S. Ct. 237.  A criminal statute is void for vagueness under the Due Process Clause of the Constitution when it fails to provide a person of ordinary intelligence fair notice of the conduct it proscribes.  *United States v. Harriss*, 347 U.S. 612, 617 (1954); *see also City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289-90 (1982).

Defendant Nevers complains here that 18 U.S.C. § 208(a),[5] the conflict-in-interest statute, failed to provide him with "even a modicum of notice as to what [it] proscribe[s]."  We disagree. The statute clearly and unambiguously prohibits executive branch and independent agency officers and employees from substantially, personally, and officially participating in *any* governmental

---

[5]Section 208(a) reads:

Except as permitted by subsection (b) hereof, whoever, being an officer or employee of the executive branch of the United States Government, of any independent agency of the United States, . . . participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which, to his knowledge, he, his spouse, minor child, partner, organization in which he is serving as officer, director, trustee, partner or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest——
　　　Shall be fined not more than $10,000, or imprisoned not more than two years, or both.

18 U.S.C. § 208(a).

activity in which he knows that he, his spouse, or another speci-

fied person has a financial interest.[6]

Our reading of section 208 comports fully with the congressio-

nal intent.  In crafting the conflict-in-interest statute, Congress

intended to expand the purview of the statute's predecessor, 18

U.S.C. § 434.[7]  The Senate report explained that section 434 was

fundamentally defective in that it was too narrow, allowing public

officials to engage in a large number of activities which were

"wholly incompatible with the duties of public office."  SENATE

COMM. ON THE JUDICIARY, BRIBERY, GRAFT AND CONFLICTS OF INTEREST, S. REP. NO.

2213, 87th Cong., 2d Sess. (1962), *reprinted in* 1962 U.S.C.C.A.N.

3852.  Congress therefore broadened the provision to "embrace[] *any*

---

[6]Each court of appeals reviewing the statute has decided as we do.  *See, e.g., United States v. Hedges*, 912 F.2d 1397, 1403 (11th Cir. 1990); *Webb v. Hodel*, 878 F.2d 1252, 1255 (10th Cir. 1989); *Federal Trade Commission v. American National Cellular*, 868 F.2d 315, 319 (9th Cir. 1989); *United States v. Lund*, 853 F.2d 242, 244 (4th Cir. 1988); *see also Young v. United States ex rel. Vuitton Et. Fils S.A.*, 481 U.S. 787, 803 (1987).

[7]The Supreme Court construed § 434 in *United States v. Mississippi Valley Generating Co*, 364 U.S. 520 (1961).  The Court explained the objective of that conflict-in-interest provision:

> The obvious purpose of the statute is to insure honesty in the Government's business dealings by preventing federal agents who have interests adverse to those of the Government from advancing their own interests at the expense of the public welfare. . . . The statute is thus directed not only at dishonor, but also at conduct that tempts dishonor.  This broad proscription embodies a recognition of the fact that an impairment of impar-tial judgment can occur in even the most well-meaning men when their personal economic interests are affected by the business they transact on behalf of the Govern-ment.

*Id*. at 548-49.

participation on behalf of the Government in a matter in which the employee has an outside financial interest." *Id*. (emphasis added).

By enacting section 208, Congress achieved its goal of proscribing governmental activity which conflicts with the financial interests of executive branch and independent agency employees. We find that that provision, though broad, is not vague.

B.  Sufficiency of the Indictment

This Court reviews the sufficiency of the indictment *de novo*. *United States v. Green*, 964 F.2d 365, 372 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 984.  In *Hamling v. United States*, the United States Supreme Court determined that an indictment is constitutionally sufficient if it complies with three requirements.  418 U.S. 87, 117 (1974); *see also United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 1480.  An adequate indictment 1) enumerates each *prima facie* element of the charged offense, 2) notifies the defendant of the charges filed against him, and 3) provides the defendant with a double jeopardy defense against future prosecutions.  *Hamling*, 418 U.S. at 117; *United States v. Prince*, 868 F.2d 1379, 1383 (5th Cir. 1989), *cert. denied*, 110 S. Ct. 321.  Nevers claims that the indictment in this case failed to comply with the first and second *Hamling* requirements.

1.  Elements of the Offense

Obviously, an indictment will satisfy the first *Hamling* requirement if it sets forth each element of the punishable offense.  *Hamling*, 418 U.S. at 117; *United States v. London*, 550

6

F.2d 206, 210 (5th Cir. 1977). To secure a conviction against one who has allegedly violated the conflict-in-interest statute, the Government must prove beyond a reasonable doubt that the defendant 1) was an officer or employee of the executive branch or of an independent agency, 2) participated personally and substantially in his official, governmental capacity in a matter, and 3) knew that he, his spouse, or another statutorily-listed person had a financial interest in that particular matter.

The indictment here provided:

> During or about April of 1989, in the Houston Division of the Southern District of Texas, and within the jurisdiction of this Court, RICHARD J. NEVERS, defendant herein, being an employee of the Executive Branch of the United States Government, namely, a trade specialist for the International Trade Administration, unlawfully and knowingly did participate personally and substantially as a government employee in a particular matter involving a prospective International Trade Administration client known as Studley and Associates, through the recommendation of World Consultants International, a company in which he then knew that his spouse, Raquel O. Nevers, had a financial interest. [Violation: Title 18, United States Code, Section 208.]

Even a cursory review of the indictment reveals that it sufficiently enumerated each of the section 208 *prima facie* elements; it clearly met the strictures of the first requirement.

### 2. Adequate Notice

Indictments satisfy the second *Hamling* requirement if they describe the specific facts and circumstances surrounding the offense in question in such a manner as to inform the defendant of the particular offense charged. *Hamling*, 418 U.S. at 117-18. This Court reviews indictments for practical, not technical errors, *Arlen*, 947 F.2d at 145, and it will not reverse a conviction

7

because of an error in the indictment unless that error misled the defendant to his or her prejudice.  FED. R. CRIM. P. 7(c)(3); *Green*, 964 F.2d at 372.

In the case *sub judice*, Defendant Nevers has not claimed even once that the indictment misled, prejudiced, or confused him.  In fact, during Nevers' pretrial hearing and arraignment, the district court specifically asked Nevers if he understood the charge alleged in the indictment.  Nevers' attorney responded, "On behalf of Mr. Nevers, Judge, he does understand.  He's gone over the indictment." Transcript Vol. 2 at 4.

Because Mr. Nevers has not alleged, let alone proved, that the indictment prejudiced him, we hold that the indictment sufficiently informed him of the charge lodged against him.

C.  Sufficiency of the Evidence

Nevers finally assaults his conviction by complaining that the Government's evidence insufficiently proved that he violated section 208.  Defendant Nevers specifically contends that the Government failed to prove that he participated personally and substantially in a "particular matter."  This argument is not well taken.  Mr. Studley testified that during his fourth meeting with Defendant Nevers, Nevers recommended that Studley sign a contract which would have given WCI the exclusive right to sell the buses. Defendant Nevers has not disputed that consulting with and making recommendations to ITA clients was within the course and scope of his employment.  Additionally, the record is abundantly clear that

Nevers acted in his official capacity as trade specialist when he consulted with Murray Studley during the April 22, 1989, meeting.

It is quite obvious to this Court that the "particular matter" in this case was Nevers' official consultation with Studley on April 22, 1989. The Government presented sufficient, indeed uncontroverted, evidence that that consultation occurred and that during that consultation, Nevers advised Studley to sign a contract with WCI. Because Nevers' wife was the sole incorporator, officer, director, and employee of WCI, Nevers' conduct during his fourth consultation with Studley was in direct contravention of the federal conflict-in-interest statute.

### III. Conclusion

For the above enumerated reasons, the conviction of Defendant Richard Nevers is hereby

A F F I R M E D.