IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40307
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELSO ARTURO MARTINEZ-
JARAMILLO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-449
- - - - - - - - - -

February 12, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Celso Arturo Martinez-Jaramillo was convicted of being found illegally in the United States in violation of 8 U.S.C. § 1326. For the first time on appeal, Martinez contends that the district court erred in enhancing his sentence by sixteen levels pursuant to § 2L1.2(b)(1)(A) because the definition of "aggravated felony" within the context of that provision is unconstitutionally vague. Martinez argues that his prior marijuana-possession conviction in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas should not be construed as a "drug trafficking" offense constituting an aggravated felony within the meaning of § 2L1.2.

Because this issue was not raised in the district court, we review it for plain error only. See United States v. Spires, 79 F.3d 464, 465-66 (5th Cir. 1996); see also United States v. Knowles, 29 F.3d 947, 950-51 (5th Cir. 1994). To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but is not required to do so. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

"A criminal statute is void for vagueness under the Due Process Clause of the Constitution when it fails to provide a person of ordinary intelligence fair notice of the conduct it proscribes." United States v. Nevers, 7 F.3d 59, 61 (5th Cir. 1993) (citations omitted); see United States v. Giles, 640 F.2d 621, 628 (5th Cir. 1981). Due process does not, however, "mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." United States v. Pearson, 910 F.3d 221, 223 (5th Cir. 1991); see also United States v. Brito, 136 F.3d 397, 407 (5th Cir.), cert. denied, 118 S. Ct. 2389 (1998). Martinez has not demonstrated that the district court committed a sentencing error, plain or otherwise.

AFFIRMED.