IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40200
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MONTES-RANGEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-909-1
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jorge Montes-Rangel pleaded guilty to illegally reentering the United States after deportation.  Montes's prior deportation followed a conviction in a Texas court for possession of cocaine, a felony under Texas law.  The district court sentenced Montes to 46 months in prison, after increasing his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A), which provides a 16-level enhancement for a defendant previously deported following an aggravated-felony conviction.  Montes argues that his prior conviction should not be characterized as an aggravated felony

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because aggravated felonies are defined by statute as "drug trafficking" crimes. He further contends that construing simple possession of cocaine as a crime involving "drug trafficking" violates the notice requirements of the Fifth Amendment's Due Process Clause.

Montes's argument is foreclosed, as he concedes, by this court's prior opinion in United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997). As to his constitutional argument, due process applies to criminal statutes, requiring that they give fair notice of proscribed conduct. See United States v. Nevers, 7 F.3d 59, 61 (5th Cir. 1993) (citations omitted). Montes's challenge is to a sentencing guideline, not to a criminal statute. "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990).

Because Montes's Texas felony conviction for possession of cocaine was an aggravated felony for purposes of § 2L1.2(b)(1)(A), it is unnecessary to decide whether his prior federal conviction for illegally transporting aliens was an aggravated felony.

AFFIRMED.