IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20198
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORIO GONZALEZ-MIRANDA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-502-1
--------------------
December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant, Gregorio Gonzalez-Miranda, pleaded guilty to re-entering the United States illegally following deportation. Gonzalez's prior deportation followed a conviction in Texas state court for possession of marijuana, a felony under Texas law. The district court sentenced him to forty-six months' imprisonment, after increasing his base offense level pursuant to U.S.S.G. § 2L1.2, which provides a sixteen-level enhancement for a defendant previously deported following an aggravated felony conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez contends that his prior conviction should not be characterized as an aggravated felony because aggravated felonies are defined by statute as drug trafficking crimes.  He further argues that any interpretation of the term "aggravated felony" to include simple possession is vague and violates the Due Process Clause of the Fifth Amendment.

Gonzalez's argument is foreclosed, as he concedes, by this court's prior opinion in United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997).  As to his constitutional argument, due process applies to criminal statutes, requiring that they give fair notice of proscribed conduct.  See United States v. Nevers, 7 F.3d 59, 61 (5th Cir. 1993) (citations omitted).  Gonzalez's challenge is to a sentencing guideline, not to a criminal statute.  "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall."  United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1991).

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.