IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40904
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR LUNA-DOMINGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-185-1
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Victor Luna-Dominguez ("Luna-Dominguez") appeals his guilty-plea conviction for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b). He argues that the district court erred by increasing his offense level 16-levels, pursuant to U.S.S.G. § 2L1.2(b), for having been previously deported subsequent to an aggravated-felony conviction for possession of cocaine. We review the district court's legal interpretation and application of the sentencing guidelines de novo and its factual findings for clear

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

error.  <u>United States v. Lowder</u>, 148 F.3d 548, 552 (5th Cir. 1998).

Luna-Dominguez's argument that mere possession of cocaine does not qualify as an aggravated felony for purposes of § 2L1.2(b) is precluded by our decision in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691 (5th Cir. 1997).  His argument that his due process rights were violated because the term "drug trafficking crime" is vague and does not provide adequate notice is without merit.  <u>See</u> <u>United States v. Nevers</u>, 7 F.3d 59, 61 (5th Cir. 1993).  The district court's judgment is AFFIRMED.