**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-40301
Summary Calendar

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

JERRY W. WILLIAMS,

                                                            Defendant-
Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-53-ALL
--------------------------------------------------------
May 31, 2002

Before JOLLY, EMILIO M. GARZA and STEWART, Circuit Judges:

PER CURIAM:[*]

        Jerry W. Williams appeals from his conviction on 14 counts of making false statements to

the Government in violation of 18 U.S.C. § 1001.  Williams argues that the evidence was

insufficient to support his conviction.  Because Williams moved for an acquittal at the close of the

evidence, the standard of review for his sufficiency challenge is whether any reasonable trier of

fact could have found that the evidence established the essential elements of the crime beyond a

---

        [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reasonable doubt.  See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). Although Williams submitted receipts for reimbursement by the Government for lodging and telephone charges, testimony from numerous proprietors of bed and breakfasts testified that Williams never stayed at their establishments.  Viewed in a light most favorable to the Government, sufficient evidence existed to support Williams' conviction.  See Ortega Reyna, 148 F.3d at 543.

Williams also argues that the indictment was insufficient because it failed to allege that the offense occurred within the jurisdiction of the executive, legislative, or judicial branch of the Government.  This court applies a de novo standard of review to Williams' challenge to the indictment, because Williams raised and preserved the issue by filing a motion to dismiss the indictment in the district court.  See United States v. Berrios-Centeno, 250 F.3d 294, 296 (5th Cir), cert. denied, 122 S.Ct. 288 (2001).  Each of Williams' 14 counts charged that the matter was within the jurisdiction of the United States Department of Housing and Urban Development (HUD), detailing the nature of the offense with even more specificity than the statute's general jurisdiction requirement.  Accordingly, the indictment sufficiently apprised Williams of the nature of the offense.  See United States v. Nevers, 7 F.3d 59, 62 (5th Cir. 1993).

Williams argues for the first time on appeal, that the jury charge failed to inform the jury that the matter was within the jurisdiction of the executive, legislative, or judicial branch of the Government.  Williams' argument is reviewed for plain error.  See FED. R. CRIM. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993).  The trial court's omission of an element of the jury charge does not constitute plain error "unless it could have meant the difference between acquittal and conviction."  United States v. McClatchy, 249 F.3d 348, 357 (5th Cir.), cert. denied, 122

S.Ct. 217 (2001).  Given the weight of evidence against Williams, the omission of the general

jurisdictional element did not cause the jury to convict him.  See id.  The judgment of the trial

court is AFFIRMED.