United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20459
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIKOLOAS PARASIRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-717-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Nikoloas Parasiris appeals his conviction for making false statements to federally licensed firearms dealers in violation of 18 U.S.C. § 924(a)(1)(A).  He argues that the trial court erred in refusing to provide the jury with a definition of "residence"; that the trial court erred in denying his motion for judgment of acquittal; and that the trial court erred in denying his post-trail motion for arrest of judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Parasiris stated on Alcohol Tobacco and Firearms (ATF) form 4473 that his "residence address" was 7602 Muirwood Lane in Houston, Texas. Even assuming that the definition of "residence" was an essential element of the offense which should have been defined for the jury, the lack of such instruction to the jury was harmless. Neder v. United States, 527 U.S. 1, 9-11, (1999); see also United States v. Green, 293 F.3d 886, 890 (5th Cir. 2002), cert. denied, 123 S. Ct. 1783 (2003). Under any reasonable definition of "residence," the evidence indicated that the Muirwood house was not Parasiris' "residence address" when he filled out the ATF form and, in fact, that Parasiris did not think the Muirwood house was his "residence address." See United States v. Slaughter, 238 F.3d 580, 583-84 (5th Cir. 2001). For the same reason, the district court did not abuse its discretion by denying a requested instruction on Parasiris' defensive theory. United States v. Correa-Ventura, 6 F.3d 1070, 1076 (5th Cir. 1993).

Parasiris argued in his FED. R. CRIM. P. 29 motion for judgment of acquittal that the term "residence" was ambiguous and in his motion to reconsider the denial of his FED. R. CRIM. P. 29 motion that, based upon extra-circuit law, the term "residence" should be considered "fundamentally ambiguous." The standard of review to assess his sufficiency challenge is whether "a reasonable trier of fact could [have] f[ou]nd that the evidence established guilt beyond a reasonable doubt." United States v.

Bell, 678 F.2d 547, 549 (5th Cir. 1982)(en banc); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). Even if the term "residence" was "arguably ambiguous" or "fundamentally ambiguous," the jury could have, based upon the evidence presented at trial, found that Parasiris made a false statement on the ATF form in violation of 18 U.S.C. § 924(a)(1)(A). See United States v. Thompson, 637 F.2d 267, 270 (5th Cir. 1981); United States v. Culliton, 328 F.3d 1074, 1078-79 (9th Cir. 2003); United States v. McKenna, 327 F.3d 830, 841 (9th Cir. 2003).

Upon the defendant's motion, the court must arrest judgment if the indictment does not charge an offense. FED. R. CRIM. P. 34. "An adequate indictment (1) enumerates each prima facie element of the charged offense, (2) notifies the defendant of the charges filed against him, and (3) provides the defendant with a double jeopardy defense against future prosecutions. United States v. Nevers, 7 F.3d 59, 62 (5th Cir. 1993) (internal citations omitted).

The indictment stated that Parasiris acquired firearms from two licensed firearms dealers by supplying false and fictitious written statements to the dealers, namely by representing that he "lived at 7602 Muirwood Lane in Houston, Texas, at a time when he . . . well-kn[e]w he did not live at that address," in violation of 18 U.S.C. § 924(a)(1)(A). The explanation by the Government of why it believed Parasiris gave a false statement was not a prima facie element of the offense. See 18 U.S.C.

§ 924(a)(1)(A).  The explanation of the alleged false statement did, however, satisfy the second requirement of an adequate indictment as it described the facts and circumstances surrounding the offense in such a manner as to inform the defendant of the particular offense charged.  See Nevers, 7 F.3d at 62.  In this case, there is no indication that the indictment misled, prejudiced, or confused Parasiris regarding the conduct which led to his prosecution.  As noted by the trial court, the only blank dealing with an address on the ATF form was the "residence address" question.  Accordingly, Parasiris was "sufficiently apprised of what he must be prepared to meet and was not hampered in his defense preparation."  United States v. Gordon, 780 F.2d 1165, 1172 (5th Cir. 1986).

AFFIRMED.