UNITED STATES of America,
Plaintiff–Appellee,

v.

Jerry Lewis PEARSON,
Defendant–Appellant.

No. 90–8072
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 1990.

Walter M. Reaves, West,. Tex. (Court-appointed), for defendant-appellant.

LeRoy Morgan and Philip Police, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., for plaintiff-appellee.

Before POLITZ, DAVIS, and
BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Convicted on a guilty plea of distributing cocaine, and sentenced to 240 months imprisonment, Jerry Lewis Pearson appeals, contending that enhancement of his sentence under the career offender provisions of the Sentencing Guidelines was unlawful because he was not given notice of the possibility of enhancement prior to entry of his plea. We find no error and affirm.

*Background*

In exchange for dismissal of the first count of a two-count indictment Pearson pled guilty to distribution of cocaine, 21 U.S.C. § 841(a)(1). Before Pearson entered into the plea bargain his attorney discussed with the prosecutor whether Pearson would be considered a career offender under Guideline § 4B1.1. Based on information in a Texas Department of Public Safety Report the attorneys concluded that he was not. After entry and acceptance of the plea, however, the probation office prepared a presentence investigation report which came to a different conclusion. Whereas the Department of Public Safety Report showed no disposition of a 1987 arrest for delivery of a controlled substance, the PSI report noted a conviction and 15–year sentence for that offense.[1] The conviction for the 1987 offense served as one of the two prior convictions required to trigger career offender status under Guideline § 4B1.1. Applying the guideline enhancement the court sentenced Pearson to 240 months imprisonment, the statutory maximum. Pearson timely appealed.

*Analysis*

Guideline § 4B1.1 provides:

A defendant is a career offender if (1) the defendant was at least eighteen

years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Guidelines direct that a career offender's criminal history category be deemed to be Category VI, the highest of the guideline categories, and that the applicable offense level is to be the higher of the level for the offense of conviction or that indicated by a special table. This table establishes offense levels designed to accomplish the congressional mandate that the Guidelines prescribe sentences for career offenders at or near the statutory maximum. 28 U.S.C. § 994(h); Guideline § 4B1.1 Background. The classification of Pearson as a career offender subjected him to sentencing at offense level 32, the category for career offenders committing crimes subject to a statutory maximum sentence of 20 to 25 years. Had he not been deemed a career offender Pearson's offense level would have been 12.

Pearson does not contest the fact of his conviction for the 1987 offense or otherwise challenge the determination that he satisfied the three prerequisites for classification as a career offender. Rather, he attacks the validity of his guilty plea and his sentence on the grounds that he was not informed, prior to entry of his plea, of the applicability of the Guideline § 4B1.1 career offender enhancement. He maintains that his guilty plea was involuntary because his decision to enter it was based on the expectation that he would not be sentenced as a career offender. He further argues that this lack of notice otherwise violated the due process clause and the provisions of Fed.R.Crim.P. 11(c)(1) which require the court to inform a defendant of the mandatory minimum and maximum sentence before accepting a guilty plea. These contentions lack merit.

---

1. In fact, Pearson was paroled on January 30, 1989 and committed the instant offense six   months, to the day, later.

Due process requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea. *Barbee v. Ruth,* 678 F.2d 634 (5th Cir.), *cert. denied,* 459 U.S. 867, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." *United States v. Rivera,* 898 F.2d 442, 447 (5th Cir.1990), quoting *Barbee,* 678 F.2d at 635. The court informed Pearson prior to accepting his guilty plea that he faced a maximum prison term of 20 years. That turned out to be the sentence imposed. Pearson's plea was thus voluntary, and the strictures of the due process clause as to this point were satisfied.

Due process also requires adequate notice of the possibility of sentence enhancement based on recidivism. This is to assure a defendant an opportunity to contest timely the propriety of the enhancement. *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). The PSI report gave Pearson adequate notice. It concluded that he qualified as a career offender and recommended that the Guideline § 4B1.1 enhancement be applied. Pearson filed a written objection to this recommendation and orally objected to it at his sentencing hearing. He was accorded a full measure of due process with respect to the sentence enhancement issue.

Pearson's constitutional arguments confuse recidivism statutes that increase the statutory maximum penalty, and sentence enhancement for recidivism pursuant to the Guidelines, which merely adjusts the applicable guideline sentence within the same statutory maximum. A defendant is entitled to notice of the applicability of the former prior to entry of a guilty plea. Due process does not mandate, however, either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall. *United States v. Jones,* 905 F.2d 867 (5th Cir.1990); *United States v. Fernandez,* 877 F.2d 1138 (2d Cir.1989); *United States v. Salva,* 902 F.2d 483 (7th Cir.1990). Pearson's due process rights were not abridged.

Nor do we find a breach of the Fed.R.Crim.P. 11(c)(1) requirement that the court inform a defendant of the mandatory minimum sentence before accepting a guilty plea. Pearson argues unpersuasively that Guideline § 4B1.1 sets a mandatory minimum. Recognizing that Rule 11(c)(1) notice of mandatory minimum and maximum sentences has been construed to apply to statutory sentencing ranges, and not to guideline adjustments (*see Rivera; Salva* ), Pearson contends that an exception should be made for Guideline § 4B1.1 career offender enhancement because of its potential for dramatically increasing the punishment imposed. This argument is foreclosed by the 1989 amendments to Rule 11(c)(1). The amendment requires the court to inform the defendant that it must consider the Guidelines but that it may depart therefrom. The accompanying advisory committee notes are explicit; the amended rule does not oblige the court to explain which guidelines will be relevant before accepting a plea. There is no exception for guideline adjustments with a significant impact on sentencing ranges. That the court did not advise Pearson of the applicability of Guideline § 4B1.1 does not violate Rule 11(c)(1).

Pearson also assigns error to the court's refusal to credit him with acceptance of responsibility, contending that the court erroneously believed it could not make this downward adjustment for career offenders despite a recent amendment to Guideline § 4B1.1 expressly permitting such. In denying the downward adjustment the court stated, "Well, from the information I have, ... the acceptance of responsibility credit would not apply, even though it would not have any bearing." Assuming that the court erroneously was referring to the superseded interpretation of the guidelines, the error was harmless. The court made clear that it agreed with the evaluation in the PSI report that Pear-

son had not demonstrated the requisite acceptance of responsibility. The court found that the credit was not due. That finding is not clearly erroneous.

The conviction and sentence are AFFIRMED.