929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin WILHITE, Defendant-Appellant.
 No. 90-5931.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 89-20054; McRae, Jr., J.
 W.D.Tenn.
 AFFIRMED.
 Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Calvin Wilhite (appellant), appeals from his jury conviction and sentence on one count of conspiring to possess with an intent to distribute cocaine, and one substantive count of possession with an intent to distribute. Appellant was sentenced to serve 210 months in prison; the sentence was enhanced to reflect appellant's status as a career offender under U.S.S.G. Sec. 4B1.1.
 
 
 2
 In this appeal, appellant argued that his right to due process was violated because the indictment failed to provide him with notice of the enhancing provisions of the Career Offender guideline, under which appellant's offense level was increased from 20 to 32, thereby exposing him to a substantially longer period of incarceration. Appellant's argument is not well taken. Concerns for due process do not require that a criminal defendant be placed on advance notice of the application of a career offender sentence under guideline 4B1.1, so long as the defendant has, as he was in the instant case, been afforded an adequate opportunity to challenge the factual basis for applying the enhancement. See United States v. Pearson, 910 F.2d 221, 223 (5th Cir.1990) (presentence report provides defendant with ample notice that he is subject to an enhanced sentence under the guideline); United States v. Wallace, 895 F.2d 487, 490 (8th Cir.1990). See also Oyler v. Bowles, 368 U.S. 448, 82 S.Ct. 501 (1962) (due process clause does not require that a criminal defendant be informed in an indictment that he faces sentencing as a recidivist).
 
 
 3
 Appellant's remaining assignments of error--which include additional challenges to the constitutionality of his sentencing under the Career Offender guideline, to the sufficiency of the evidence supporting his conviction, and to various evidentiary rulings of the district court--are equally without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.