IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40880
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ERWIN TREJO-TREJO,
also known as Raymundo Trejo-Trejo,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-165-1
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Erwin Trejo-Trejo appeals the sentence imposed by the district court following his guilty-plea conviction for illegal entry into the United States following deportation, a violation of 8 U.S.C. § 1326.  Trejo-Trejo challenges the characterization of his prior Texas conviction for possession of cocaine as an aggravated felony and the concomitant 16-level increase in his base offense level imposed pursuant to U.S.S.G. § 2L1.2(b)(2).

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Trejo-Trejo did not make this argument in the district court, his sentence is reviewed for plain error. *See United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir., 1994). Trejo-Trejo's argument is foreclosed by this court's opinion in *United States v. Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997). Trejo-Trejo's contention that the term "drug trafficking" as cited by the Sentencing Guidelines is unconstitutionally vague and does not provide notice that it applies to mere possession of drugs is unfounded. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1991).

Trejo-Trejo's appeal is frivolous. Accordingly, his appeal is DISMISSED. *See* 5th Cir. R. 42.2.

APPEAL DISMISSED.