IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20158
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GILBERTO MEDINA-GARCIA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-342-1
- - - - - - - - - -

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Gilberto Medina-Garcia appeals his guilty-plea conviction for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b). He argues that the district court erred by applying the 16-level increase pursuant to U.S.S.G. § 2L1.2(b) because he had been previously deported subsequent to an aggravated-felony conviction for possession of cocaine. We review the district court's legal interpretation and application of the sentencing guidelines de novo and its factual

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings for clear error.  <u>United States v. Lowder</u>, 148 F.3d 548, 552 (5th Cir. 1998).

His argument that mere possession of cocaine does not qualify as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b) is precluded by our decision in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691 (5th Cir. 1997).  His argument that the term "drug trafficking" in the sentencing guidelines is unconstitutionally vague and does not provide adequate notice is unfounded.  <u>See</u> <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1991)(due process does not mandate notice of where guideline sentence will fall within the statutory range).

Accordingly, the district court's judgment is AFFIRMED.