IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-40820
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-1056-1
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alfredo Ramirez has appealed the sentence imposed following entry of his guilty plea to an indictment charging him with illegally entering the United States after being deported to Mexico.  Because Ramirez had previously been convicted in Texas state court for possession of marijuana, the district court sentenced Ramirez as an "aggravated felon" under U.S.S.G. § 2L1.2(b)(1)(A).

In United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997) (applying § 2L1.2 comment. (n.7)), the court held that the appellant's state-court conviction for possession of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marijuana constituted an "aggravated felony," for purposes of § 2L1.2(b)(1)(A), because it was punishable under the Controlled Substances Act and was a felony under Texas state law.  The rationale of Hinojosa-Lopez applies to this case and forecloses Ramirez' contentions to the contrary.

Ramirez argues that the term "drug trafficking" in 8 U.S.C. § 1101(a)(43)(B), is unconstitutionally vague because a person of reasonable intelligence could not be expected to understand it to include simple possession of marijuana.  He urges that the common usage of the word "trafficking" connotes some type of distribution, manufacture, and importation.  Ramirez' constitutional argument is unfounded because his challenge is to a sentencing guideline, not to a criminal statute.  "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall."  United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1991).

AFFIRMED.