IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-20982
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,,

versus

HECTOR MARIO HURTADO-BRAVO,
also known as Hector Miorio Hurtado,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-68-1

---

June 26, 2000

Before GARWOOD, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM[*]:

Hector Mario Hurtado-Bravo (Hurtado-Bravo) appeals the sentence imposed by the district court following guilty-plea conviction of illegal reentry into the United States following deportation, a violation of 8 U.S.C. § 1326. Hurtado-Bravo challenges the characterization of his prior Texas state conviction for possession of

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a controlled substance as a "drug trafficking" offense and the concomitant 16-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(A). He also contends that the notice and specificity requirements of due process are violated by designating his Texas conviction of simple possession of cocaine as "drug trafficking."

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *See United States v. Lowder*, 148 F.3d 548, 552 (5th Cir. 1998).

Hurtado-Bravo's argument that simple possession of a controlled substance does not constitute an "aggravated felony" for purposes of § 2L1.2(b)(1)(A) is foreclosed by our decision in *United States v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997). 18 U.S.C. § 924(c)(2) defines a "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. [§] 801, et seq.) . . . ." As simple possession of cocaine is a felony under Texas law and is also an offense punishable under the Controlled Substances Act, *see* 21 U.S.C. § 844(a), Hurtado-Bravo's argument fails.

Hurtado-Bravo's contention that the term "drug trafficking" as used by the Sentencing Guidelines is unconstitutionally vague and does not provide adequate notice is likewise unavailing. Hurtado-Bravo challenges only a sentencing guideline. "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). Hurtado-Bravo's sentence

2

was well within the statutory range even if his Texas conviction had been merely a "felony," as he concedes it was, rather than an "aggravated felony."

Accordingly, the district court's judgment is AFFIRMED.