IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51093
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN GOMEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-548-1-DB
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges

PER CURIAM:[*]

John Gomez appeals his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Gomez asserts that the district court erred in denying his pre-sentencing motion to withdraw his guilty plea and in refusing to exclude a prior conviction from consideration during sentencing.

This court reviews the denial of a Rule 32(e) motion for an abuse of discretion. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997). The district court may grant a motion to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withdraw a guilty plea before a defendant is sentenced if the defendant shows "any fair and just reason." Fed. R. Crim. P. 32(e); United States v. Brewster, 137 F.3d 853, 857 (5th Cir. 1998)(outlining seven relevant factors to review under Rule 32(e)).

Gomez's main contention is that his guilty plea was not knowing or voluntary because he was unaware of the applicability of the career offender enhancement provision of the United States Sentencing Guidelines, § 4B1.1, to his case. Gomez's argument is foreclosed by our decision in United States v. Pearson, 910 F.2d 221, 222-23 (5th Cir. 1990), wherein we held that the failure of the district court to advise a defendant of the applicability of § 4B1.1 prior to the entry of the defendant's guilty plea did not render the plea involuntary. The remaining factors we consider under Rule 32(e) also do not favor withdrawal of Gomez's guilty plea.

Considering the totality of the circumstances, Gomez did not establish a fair and just reason for withdrawing his guilty plea. See Fed. R. Crim. P. 32(e); Brewster, 137 F.3d at 857-58. The district court did not abuse its discretion in denying Gomez's motion to withdraw his guilty plea. Furthermore, the district court did not abuse its discretion in denying Gomez's motion to exclude his 1979 conviction from consideration at sentencing. United States v. Bentley, 875 F.2d 1114, 1118 (5th Cir. 1989). Gomez's conviction and sentence are

AFFIRMED.