IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21043
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FERNANDO GALVAN-AGUILAR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-337-ALL
--------------------
August 15, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Fernando Galvan-Aguilar was convicted of illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326.  Galvan appeals his conviction and sentence on several grounds.

     Galvan challenges a sixteen-level increase to his base offense level pursuant to U.S.S.G. § 2L1.2.  Galvan's argument that mere possession of cocaine does not qualify as an "aggravated felony" for purposes of § 2L1.2 is foreclosed by our

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997).

Galvan acknowledges that his appellate argument is at least partially foreclosed by <u>Hinojosa-Lopez</u> but argues that a determination that he committed a drug-trafficking offense when he merely possessed cocaine violates the rule of lenity. "The rule of lenity . . . applies only when, <u>after</u> consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994) (emphasis added). The term "aggravated felony" was not so ambiguous as to require an application of the rule of lenity. See <u>Hinojosa-Lopez</u>, 130 F.3d at 693-94.

Galvan's due process argument also is unconvincing. Galvan is challenging a sentencing guideline, not a criminal statute. "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990).

Galvan also challenges the district court's denial of his motion to suppress a 1998 removal order. He contends that the expedited removal under 8 U.S.C. § 1228(b) was obtained in violation of his due process rights. "In order successfully to collaterally attack a deportation order in a § 1326 prosecution, the alien must show the 1) the hearing was fundamentally unfair, 2) that the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation, and 3) the procedural deficiencies caused him actual

prejudice." <u>United States v. Benitez-Villafuerte</u>, 186 F.3d 651, 658 (5th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 838 (2000). Because Galvan was an alien who was also an aggravated felon, it cannot be said that his "removal through expedited administrative proceedings constitutes a denial of justice or was otherwise unfair." <u>United States v. Hernandez-Avalos</u>, 251 F.3d 505, 508 (internal quotation omitted). Accordingly this challenge must fail. <u>Benitez-Villafuerte</u>, 186 F.3d at 658.

Finally, Galvan contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. Galvan acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 46 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See Apprendi</u>, 530 U.S. at 488; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Galvan's argument is foreclosed.

Galvan's conviction and sentence are AFFIRMED.