IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40469
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-1301-1
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Antonio Perez appeals his guilty-plea conviction and sentence for illegal reentry, in violation of 8 U.S.C. § 1326. He argues, for the first time on appeal, that his indictment violates the Fifth and Sixth Amendments because it does not allege general intent. As Perez concedes, however, his argument is foreclosed. See United States v. Guzman-Ocampo, 236 F.3d 233, 237-39 (5th Cir. 2000), cert. denied, 121 S. Ct. 2600 (2001); see also United States v. Berrios-Centeno, 250 F.3d 294, 297 (5th

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir.), cert. denied, 122 S. Ct. 288 (2001).  He raises it only to preserve the issue for Supreme Court review.

Perez next argues that he should not have received a 16-level sentencing increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on his prior conviction for possession of cocaine because simple possession is not an aggravated felony.  This argument is similarly foreclosed, as Perez also apparently concedes.  See United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997).

Notwithstanding that fact, Perez contends that this court's construction of the term "aggravated felony" for purposes of the 16-level enhancement violates the notice and specificity requirements of the Due Process Clause.  Because his challenge is to a sentencing guideline and not a criminal statute, due process is not implicated.  See United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990).

Perez alternatively contends that the rule of lenity requires this court to construe the term "drug-trafficking offense," an operative definition for aggravated felony for purposes of the 16-level enhancement, to exclude state convictions for mere possession of drugs such as his own which would be only misdemeanors under federal law.  He concedes that the argument is also foreclosed but seeks to preserve it for Supreme Court review.  Perez is correct that the argument is foreclosed.  See Hinojosa-Lopez, 130 F.3d at 694; see also United States v. Rivera, 265 F.3d 301, 312 (5th Cir. 2001);

<u>United States v. Hernandez-Avalos</u>, 251 F.3d 505, 508-10 & n.2 (5th Cir.), <u>cert.</u> <u>denied</u>, 122 S. Ct. 305 (2001).

The district court's judgment is AFFIRMED.  His motion to supplement the appellate record with a copy of his objections to the PSR is DENIED as unnecessary.

AFFIRMED; MOTION DENIED.