# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

WILLIE C. MCGEE,
    *Defendant-Appellant.*

No. 01-4389

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-209)

Submitted: February 26, 2002

Decided: March 12, 2002

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John B. Mann, LEVIT, MANN & HALLIGAN, Richmond, Virginia, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Kevin F. McDonald, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie C. McGee appeals from his conviction following his guilty plea to one count of conspiracy to possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846 (1994). McGee contends that his guilty plea was not knowing because the district court failed to comply with some of the requirements of Rule 11 of the Federal Rules of Criminal Procedure before accepting his plea. Because McGee never sought to withdraw his guilty plea in the district court, his claims are reviewed for plain error. *United States v. Martinez*, 277 F.3d 517, 524, 527 (4th Cir. 2002).

McGee contends that the district court failed to inform him of the critical elements of the crime with which he was charged. We have reviewed the transcript of the Rule 11 hearing and find that the district court's explanation of the nature of the charges against McGee and the elements the government had to prove in order to establish guilt did not amount to plain error. *See United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (discussing elements of drug conspiracy).

McGee also argues that the district court violated the requirements of Rule 11 by failing to advise him during the plea hearing that he could be classified and sentenced as a career offender under the United States Sentencing Guidelines. However, nowhere does Rule 11 require that a court advise a defendant pleading guilty of the effect of particular provisions of the Sentencing Guidelines, including the career offender provision. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir. 1989).

Consequently, we affirm McGee's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*