**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4036

JERRY JACKSON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-01-439-6)

Submitted: June 25, 2002

Decided: July 15, 2002

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jerry Jackson pled guilty to one count of bank robbery, in violation of 18 U.S.C.A. § 2113(a) (West 2000). The district court sentenced him to 151 months in prison. Jackson now appeals from his conviction and sentence. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal but asserting that the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to advise Jackson that he could be classified and sentenced as a career offender and that the court erred by denying his motion for a downward departure. Jackson filed a pro se supplemental brief reiterating counsel's Rule 11 argument and also alleging ineffective assistance of counsel. For the reasons that follow, we affirm.

We have reviewed the plea hearing and find that the court complied with the requirements of Fed. R. Crim. P. 11. Jackson's claim that the district court erred in failing to advise him during the Rule 11 hearing that he could be classified and sentenced as a career offender under the federal sentencing guidelines is meritless. Nowhere does Rule 11 require that a court advise a defendant of the effect of a particular provision of the sentencing guidelines, including the career offender provision. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir. 1989).

A defendant may not appeal a district court's refusal to depart downward at sentencing unless the court's refusal was based on a mistaken view that it lacked the authority to depart. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). The district court recognized that it had the authority to depart, but declined to do so. Therefore, we will not review Jackson's claim that the district court erred in declining to depart downward. Finally, Jackson's claims of ineffec-

tive assistance are not cognizable on direct appeal because the record does not conclusively show that he was denied effective assistance of counsel. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

We have reviewed the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*