United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-10233
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY JOE FINNEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-112-4
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Billy Joe Finney appeals following his guilty-plea conviction and 151-month sentence for distribution of more than five grams of a mixture and substance containing a detectable amount of cocaine base, and aiding and abetting. Finney argues that his guilty plea was not knowing and voluntary because the district court imposed a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1) to which he did not admit and that was not proven to a jury beyond a reasonable doubt, thereby violating his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Finney's waiver-of-appeal provision does not bar claims relating to the voluntariness of the plea. To the extent that Finney's challenge to his guilty plea is based on a violation of the Sixth Amendment, his argument is without merit. Finney was sentenced in January 2006, after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Booker solved the Sixth Amendment problem of judicial factfinding by making the Guidelines advisory. See United States v. Johnson, 445 F.3d 793, 797 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). After Booker, the sentencing court is still required to calculate the guideline range in the same manner as before Booker and to make factual findings by a preponderance of the evidence. Id. at 798.

The plea colloquy shows that Finney was fully aware of the consequences of pleading guilty. See United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990). Accordingly, Finney has not shown that his guilty plea is involuntary or that there are due process concerns associated with his plea. See id.; United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990).

In view of the foregoing, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED.