JONES, Circuit Judge,
joined by SMITH, Circuit Judge, concurring:
Although I concur in the majority opinion holding that 18 U.S.C. § 16(b) is not unconstitutionally vague in the wake of Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), our disagreement over that proposition could have been obviated with a holding that neither the U.S. Sentencing Guidelines, nor extrinsic statutes cross-referenced in the Guidelines, are subject to challenges based on the Due Process Clause’s prohibition of vague laws. This holding flows from the recognition of several principles. First, Johnson itself did not treat or address the Guidelines. Second, no other Supreme Court case has implied the propriety of vagueness challenges in the realm of Guidelines sentencing. Third, the Supreme Court’s most recent sentencing cases are not to the contrary. Fourth, this court has repeatedly rebuffed vagueness challenges to Guidelines sentencing, and we remain bound by that line of case law. Fifth, as a matter of principle and logic, sentencing under the Guidelines remains discretionary with the district courts. Sixth, allowing vagueness challenges to the Guidelines would threaten both the Guidelines themselves and the federal law beyond the Guidelines. The following discussion will elaborate on each of these points.[1]
1. Johnson itself did not specifically treat or address the Guidelines. In Johnson, the Supreme Court recognized “statutes fixing sentences” as susceptible to vagueness challenges and declared the residual clause of the Armed Career Criminal Act (ACCA) unconstitutionally vague. Id. at 2557 (citing United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)). ACCA is a statute fixing a punishment. Normally, by federal law, the maximum sentence a previously convicted felon faces for possessing a firearm—in violation of 18 U.S.C. § 922(g)—is 10 years. See 18 U.S.C. § 924(a)(2). Under ACCA, however, defendants with three or more previous convictions for violent felonies must be sentenced to at least 15 years. See 18 U.S.C. § 924(e)(1). Johnson’s sentence thus went from a 10 year maximum to a 15 year minimum based on the residual clause. 135 S.Ct. at 2556. ACCA’s residual clause is thus very much like a “crime” itself. Without notice or predictability about which of his prior felonies would qualify under ACCA, Johnson had no idea when he possessed a firearm in violation of ACCA *680 whether his range of punishments would be 15 years to life, as opposed to zero to 10 years.
The Court concluded that the use of a vague provision, like the residual clause, “to condemn someone to prison for 15 years to life does not comport with the Constitution’s guarantee of due process.” Id. at 2560. ACCA itself mandated the increase in Johnson’s sentence and thus denied him due process. Id. at 2557.
■ The Guidelines, in contrast, criminalize no conduct and fix no sentence. Contrasted with ACCA’s mandated sentence minimum, the Guidelines merely advise the sentencing judge of a potentially reasonable sentence within the statutory range and then leave the actual sentence to the judge’s discretion.
2. No other Supreme Court case has directly confronted a vagueness challenge to the Guidelines or implied the propriety of such a challenge. All of the Court’s vagueness cases involving sentencing provisions have addressed statutes prescribing a minimum or maximum sentence for a particular offense. Besides Johnson, United States v. Batchelder involved a statute fixing a maximum sentence of five years for a gun crime. 442 U.S. at 123, 99 S.Ct. at 2204. United States v. Evans concerned the statutorily-fixed range of punishments for an immigration crime. 333 U.S. 483, 483-84, 68 S.Ct. 634, 92 L.Ed. 823 (1948). Chapman v. United States included a vagueness challenge to the statute fixing a mandatory minimum sentence based on drug weight. 500 U.S. 453, 467-68, 111 S.Ct. 1919, 1929, 114 L.Ed.2d 524 (1991).
The Supreme Court’s most relevant cases have all held against the vagueness propositions discussed in Johnson — notice and arbitrary enforcement — from the standpoint of sentencing. Beginning with notice, in Irizarry v. United States, the Court held that a criminal defendant was not entitled to prior notice that the district court was considering sentencing him outside of the applicable Guidelines range. 553 U.S. 708, 712-13, 128 S.Ct. 2198, 2201-02, 171 L.Ed.2d 28 (2008). Because the Guidelines are not mandatory and the district court had discretion to sentence the defendant anywhere within the statutory range, the Court held that the defendant had no “expectation subject to due process protection” of a Guidelines sentence. Id. at 713, 128 S.Ct. at 2202.
Batchelder concerned a defendant whose conduct violated two statutes. 442 U.S. at 116, 99 S.Ct. at 2200. The laws prohibited identical conduct, but one authorized a maximum sentence of two years and the other authorized a maximum sentence of five years. Id. at 116-17, 99 S.Ct. at 2200. A unanimous Supreme Court rejected Bat-chelder’s argument that the laws were unconstitutionally vague because they did not give him fair notice whether the consequence of his crime would be a sentence of two years or five years. Id. at 123, 99 S.Ct. at 2204. The Court held the notice requirements of due process were satisfied so long as the statutes “clearly define[d] the conduct prohibited and the punishment authorized.” Id.
The Supreme Court’s concerns about arbitrary enforcement likewise imply nothing about the propriety of vagueness challenges under the Guidelines. Johnson said little about this aspect of vagueness in the sentencing context, merely remarking that the residual clause’s indeterminacy “invite[d] arbitrary enforcement by judges” in fixing the 15 year minimum sentence. See Johnson, 135 S.Ct. at 2557. Batchelder didn’t address the arbitrary enforcement aspect of vagueness at all, but did find that the sentencing scheme was not so arbitrary as to violate the Equal Protection Clause. 442 U.S. at 125 & n.9, 99 S.Ct. at 2204-05 & n.9. The defendant in Chapman *681 asserted that his sentence violated the Due Process Clause because it was “arbitrary” and “the [due process] right to be free from deprivations of liberty as a result of arbitrary sentences is fundamental.” 500 U.S. at 464, 111 S.Ct. at 1927. The Court soundly rejected this argument. Due process requires a conviction after a trial “in accordance with relevant constitutional guarantees.” Id. at 465, 111 S.Ct. at 1927. But once convicted, due process has far less purchase: “[A] person who has been convicted [of a crime] is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual” and not based on a distinction which would violate the Equal Protection Clause as being without a rational basis. Id. (emphasis omitted and added).
Concerns about widespread arbitrary enforcement are largely missing in the Guidelines setting. As is made clear by the context of Kolender and the cases it cites, the Court’s fear was that the “policeman on his beat” and local prosecutors would use shapeless laws to harass disfavored persons and minority groups with arrest and conviction. 461 U.S. at 358, 103 S.Ct. at 1858 (citing, e.g., Smith v. Goguen, 415 U.S. 566, 575, 94 S.Ct. 1242, 1247-48, 39 L.Ed.2d 605 (1974)). Those concerns are misplaced here. Convictions and sentences are not based on the Guidelines. Instead, they are based on “unambiguous” statutory statements of the “activity proscribed and the penalties available upon conviction.” Batchelder, 442 U.S. at 123, 99 S.Ct. at 2204.
The combined lesson of the Supreme Court’s vagueness cases which have addressed sentencing is this: Due process requires only notice and predictability in the statutory range of punishments following conviction. Because due process requires no more, vagueness challenges cannot stand against a discretionary scheme of sentencing within that range.
3. The Supreme Court’s recent sentencing cases are not to the contrary. Peugh v. United States is the leading case cited by proponents of Guidelines vagueness challenges,[2] but the Ex Post Facto challenge in Peugh is quite different from the proposed vagueness challenge in this case. In Peugh, the Court allowed a defendant to challenge his sentence under the Ex Post Facto clause because it was based on a Guidelines calculation not in force on the date of his offense. — U.S. -, 133 S.Ct. 2072, 2085-88, 186 L.Ed.2d 84 (2013). Peugh did not declare that the Guidelines are subject to any and all constitutional challenges. Instead the Court explicitly rejected that notion: “[A]nalytically distinct” constitutional challenges should not be assumed to lie against the Guidelines. Id. at 2088. Ex Post Facto challenges are unique because of the Clause’s history and interpretation. Id. at 2086. They require only a “significant risk” of a higher sentence to trigger the Clause’s protections. Id. at 2088. In contrast, vagueness challenges are “analytically distinct” because all of the Supreme Court’s precedents have made clear they only lie against those statutes that “fix” sentences. See Johnson, 135 S.Ct. at 2556. And Peugh itself reaffirmed the holding of Irizarry that a defendant has no due process interest in an expected Guidelines range. 133 S.Ct. at 2085 (plurality opinion).
*682 Nor does the Ex Post Facto clause rest on the same principles of fair notice and avoiding arbitrary enforcement that underlie due process. The Supreme Court has soundly rejected attempts to view the two as protecting identical interests. See Rogers v. Tennessee, 532 U.S. 451, 458-60, 121 S.Ct. 1693, 1698-1700, 149 L.Ed.2d 697 (2001). Ex Post Facto’s primary concern is vindictive legislative action. See, e.g., Miller v. Florida, 482 U.S. 423, 429, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987). Vagueness is principally worried about vindictive enforcement action. See, e.g., Kolender, 461 U.S. at 358, 103 S.Ct. at 1858. The notice interest is also different between the two. Vagueness examines how much ambiguity and uncertainty are acceptable in the law. It looks to situations where the public is not able to determine what actions are prohibited by a certain law. Ex Post Facto is concerned with notice in the context of principles of reliance and “fundamental justice.” See, e.g., Peugh, 133 S.Ct. at 2085 (plurality opinion) (quoting Carmell v. Texas, 529 U.S. 513, 531, 120 S.Ct. 1620, 1631, 146 L.Ed.2d 577 (2000)). It concerns situations where the law is definite but retroactively punishes conduct or enhances previously prescribed punishment.
Two other recent sentencing cases that rely on the anchoring effect of the Guidelines are also unavailing to Gonzalez-Longoria. In both Molina-Martinez v. United States, — U.S. -, 136 S.Ct. 1338, 1345, 194 L.Ed.2d 444 (2016), and Freeman v. United States, 564 U.S. 522, 529, 131 S.Ct. 2685, 2692, 180 L.Ed.2d 519 (2011) (plurality opinion), the Court evaluated whether the district court would have sentenced differently if it had considered a lower Guidelines range. These examine the practical effect of the Guidelines on sentencing questions, but are uninformative about the impact of the Due Process Clause on sentencing provisions. Instead, the Supreme Court has already stated that due process is satisfied by an unambiguous statement of the “the penalties available upon conviction.” Batchelder, 442 U.S. at 123, 99 S.Ct. at 2204 (emphasis added).
4. Consistent with these principles, this court has repeatedly rebuffed vagueness challenges to Guidelines sentencing. We remain bound by that line of case law, which the instant en banc decision has not disturbed. In United States v. Pearson, the court considered a due process challenge by a defendant who claimed he was not on notice he would be sentenced as a career offender under the Guidelines. 910 F.2d 221, 222 (5th Cir. 1990). Pearson held that the defendant had notice of the correct statutory maximum and that is all the Constitution demands. “Due process does not mandate ... either notice, advice, or probable prediction of where, within the statutory range, the [Guideline sentence will fall.” Id. at 223 (citing United States v. Jones, 905 F.2d 867 (5th Cir. 1990)). Since 1990, we have relied on Pearson to reject vagueness challenges to the Guidelines in multiple unpublished opinions.[3]
5. Sentencing under the Guidelines is ultimately discretionary with the district courts. See United States v. Booker, 543 *683 U.S. 220, 245, 125 S.Ct. 738, 757, 160 L.Ed.2d 621 (2005). Federal sentencing begins with the correct calculation of the Guidelines range, but district courts are not permitted to “presum[e] that the Guidelines sentence should apply.” See Nelson v. United States, 555 U.S. 350, 352, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009) (per curiam) (quoting Rita v. United States, 551 U.S. 338, 351, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007)). Instead the district court must consider the range in light of the Guidelines policy statements and the sentencing factors contained in 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 49-50, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007). The district court may adjust the sentence up or down from the Guidelines range based on literally any other consideration related to the defendant,[4] including, for example, the district court’s policy disagreements with the Guidelines.[5] Though the Guidelines must be given “respectful consideration” they do not dictate the defendant’s ultimate sentence. See Pepper v. United States, 562 U.S. 476, 490, 131 S.Ct. 1229, 1241, 179 L.Ed.2d 196 (2011). In reality, for over half of federal defendants last year, the Guidelines didn’t even provide a reliable indication of what that sentence might be because the district court, in some instances at the urging of the Department of Justice, adjusted the sentence outside of the Guidelines range.[6]
Before the Guidelines, sentencing was entirely discretionary within the limits of the statutory maxima and minima. See Mistretta v. United States, 488 U.S. 361, 363, 109 S.Ct. 647, 650, 102 L.Ed.2d 714 (1989). Yet this regime was never impugned as creating constitutional vagueness problems. See United States v. Matchett, 802 F.3d 1185, 1195 (11th Cir. 2015) (citing Lockett v. Ohio, 438 U.S. 586, 602-04, 98 S.Ct. 2954, 2963-65, 57 L.Ed.2d 973 (1978)). It would be ironic if the Guidelines, which seek to channel (though not control) judges’ discretion, could be described as more arbitrary and providing less notice than sentencing throughout this nation’s history.
6. I close with four additional points. First, the original panel’s distinction between a vagueness challenge to a statute incorporated into a Guideline and a vagueness challenge to the Guideline itself is untenable. It has no basis in common sense or precedent. . Gonzalez-Longoria only asserts an interest in this case because § 16(b) was incorporated into the Guidelines applied to him. He has no freestanding ability to assert § 16(b) is vague and thus any vagueness challenge is necessarily against the Guideline incorporating it.
Second, I agree with the Eleventh Circuit that allowing such challenges has the potential to upend federal sentencing. See Matchett, 802 F.3d at 1196. For example, Guideline provisions dealing with relative culpability — such as “minor participant,”[7] “organizer or leader of a criminal activit *684 y,”[8] or “manager or supervisor (but not an organizer or leader)” of a criminal activity [9] — are all potentially vague. See id. But they serve an important and laudable role in encouraging district courts to reach some group level of uniformity and proportionality in assessing individual culpability and sentencing similarly situated defendants.
Third, allowing vagueness challenges to statutes incorporated into the Guidelines would have far-reaching implications. As the majority opinion demonstrates, applications of § 16(b) are pervasive throughout the federal criminal and immigration laws. The Guidelines also incorporate numerous definitions from outside of the federal criminal law. They use statutory pieces from ERISA,[10] the Investment Advisors Act,[11] the Native American Graves Protection and Repatriation Act,[12] and the Higher Education Act of 1954,[13] just to name a few. Those definitions are, in turn, incorporated into other statutes and regulations throughout the federal law. Declaring a statutory definition void for vagueness would have wide-ranging effects because the Supreme Court holds that a successful vagueness challenge renders the law “incapable of any valid application.” Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 n.5, 102 S.Ct. 1186, 1191 n.5, 71 L.Ed.2d 362 (1982). This is not a step we should invite through the discretionary world of the Guidelines.
Finally, we should not allow Gonzalez-Longoria to challenge for vagueness a statute that plainly applies to him. Where
First Amendment freedoms are not at issue, a “vagueness claim must be evaluated as the statute is applied to the facts of [the] case.” See Chapman, 500 U.S. at 467, 111 S.Ct. at 1929 (citing United States v. Powell, 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975)). This precept is “well established.” See Powell, 423 U.S. at 92, 96 S.Ct. at 319 (quoting United States v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975)). As the majority opinion details, § 16(b) is not vague as applied to the facts of Gonzalez-Longoria’s case.
For the foregoing reasons, I would hold the Guidelines categorically immune from vagueness challenges.

. The Supreme Court will have this issue before it next term in Beckles v. United States, 616 Fed.Appx. 415 (11th Cir. 2015) (per cu-riam), cert. granted, - U.S. -, 136 S.Ct. 2510, - L.Ed.2d -(2016).

. See United States v. Pawlak, 822 F.3d 902, 905-06 (6th Cir.2016) (published); United States v. Madrid, 805 F.3d 1204, 1211 (10th Cir. 2015). The Eighth Circuit recently held that the Guidelines are susceptible to vagueness attacks based on the reasoning of Johnson, but as demonstrated above, Johnson did not treat the Guidelines and there are material differences between ACCA and the Guidelines. United States v. Taylor, 803 F.3d 931, 933 (8th Cir. 2015) (per curiam).

. See, e.g., United States v. Velazquez, No. 06-41469, - F.3d -, 2007 WL 2437961, at *1 (5th Cir. Aug. 21, 2007) (per curiam) (unpublished); United States v. Perez, 32 Fed.Appx. 129, at *1 (5th Cir. 2002) (per curiam) (unpublished table decision); United States v. Medina-Camposano, 229 F.3d 1147, at *1 (5th Cir. 2000) (per curiam) (unpublished table decision); United States v. Porras-Cano, 172 F.3d 869, at *1 (5th Cir. 1999) (per curiam) (unpublished table decision); see also United States v. Wilson, 622 Fed.Appx. 393, 405 n.51 (5th Cir. 2015) (per curiam) (citing Pearson for the proposition that "[o]ur case law indicates that a defendant cannot bring a vagueness challenge against a Sentencing Guideline”).

. Pepper v. United States, 562 U.S. 476, 488-90, 131 S.Ct. 1229, 1240, 179 L.Ed.2d 196 (2011) (discussing 18 U.S.C. § 3661).

. Kimbrough v. United States, 552 U.S. 85, 109-11, 128 S.Ct. 558, 575-76, 169 L.Ed.2d 481 (2007).

. The U.S. Sentencing Commission reports that in 2015, only 47.3% of federal defendants received a sentence within their Guidelines range. See U.S. Sentencing Comm’n, National Comparison of Sentence Imposed and Position Relative to the Guideline Range, available at http://www.ussc.gov/sites/defaulf/files/ pdi/research-and-publications/annual-reports- and-sourcebooks/2015/TableN.pdf.

.U.S.S.G. § 3B1.2(b).

. U.S.S.G. §3B1.1(a).

. U.S.S.G. §3B1.1(b).

. U.S.S.G. § 2E5.1 cmt. n.3 (citing 29 U.S.C. § 1002(21)(A)).

.U.S.S.G. §2B1.1 cmt. n.l5(A) (citing 15 U.S.C. §80b-2(a)(11)).

. U.S.S.G. § 2B1.5 cmt. n.1(A)(iv) (citing 25 U.S.C. § 3001(3)).

. U.S.S.G. § 2B1.1 n.8(D) (citing 20 U.S.C. § 1001).