# United States Court of Appeals for the Fifth Circuit

---

No. 22-50383
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Princewill Tata,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-325-1

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Princewill Tata pleaded guilty, pursuant to a plea agreement in which he waived the right to appeal his conviction and sentence, to one count of possession with intent to distribute 50 grams or more of actual methamphetamine. The district court sentenced him to 262 months of imprisonment and five years of supervised release. On appeal, Tata argues

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50383

that counsel was ineffective because he failed to inform Tata of the sentencing consequences he faced by pleading guilty to an offense involving actual methamphetamine and therefore that his guilty plea is invalid; Tata also argues that his sentence is procedurally and substantively unreasonable. In the plea agreement, Tata reserved the right to raise an ineffective assistance of counsel claim.

"Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks and citation omitted). This court will consider ineffective assistance claims on direct appeal "only in 'rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim.'" *Id.* (citation omitted). Although Tata did not raise the specific claim he asserts on appeal in the district court, the record is sufficiently developed for the court to consider the claim on appeal, and consequently we review the claim for plain error. *See United States v. Chavez-Valencia*, 116 F.3d 127, 133 (5th Cir. 1997); *see also United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003).

Tata's claim that counsel failed to explain the harsher sentence he faced under the Guidelines by admitting that the offense involved actual methamphetamine, rather than a mixture or substance containing methamphetamine, is unavailing. *See* U.S.S.G. § 2D1.1(c). Even if counsel failed to advise Tata of his true sentencing exposure, the record reflects that he understood that he faced a potential maximum sentence of life in prison when he entered his guilty plea. Thus, Tata understood the consequences of pleading guilty. *See United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990); *see also United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). Additionally, regardless of any deficient performance on counsel's part, Tata has not shown prejudice because he has not shown that there is a reasonable probability that, but for counsel's alleged error, he would not have pleaded

No. 22-50383

guilty but would have proceeded to trial. *See Missouri v. Frye*, 566 U.S. 134, 148 (2012). Tata's challenges to the reasonableness of his sentence are barred by the valid appeal waiver. *See United States v. Bond*, 414 F.3d 542, 544, 546 (5th Cir. 2005).

Tata's conviction is AFFIRMED. To the extent that the appeal challenges his sentence, it is DISMISSED.