# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-11009
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SALVADOR ELISEO PENA,

*Defendant—Appellant*.

―――――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-137-1

―――――――――――――――――――――――――――

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.
PER CURIAM:[*]

Salvador Eliseo Pena appeals his guilty plea conviction for distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced him to 20 years' imprisonment, the statutory maximum sentence. He contends that while there was no error under Federal Rule of Criminal Procedure 11, his

―――――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

plea was not knowing and voluntary because he detrimentally relied on a presentence report prepared in connection with an earlier withdrawn guilty plea that calculated a lower guidelines range than the range ultimately considered by the district court at his sentencing.

Because Pena did not raise this claim in the district court, we review it for plain error. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009). For a plea to be knowing and voluntary, "the defendant must be advised of and understand the consequences of the [guilty] plea." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). A defendant understands the consequences of a guilty plea when he "know[s] the maximum prison term and fine for the offense charged." *Id.* (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). Pena testified that he understood the sentencing guidelines were not binding on the district court and that the district court could sentence him anywhere within the statutory maximum sentence. Pena's argument that his plea was not knowing and voluntary fails in the face of his sworn testimony. *See United States v. Castro*, 339 F. App'x 378, 382 (5th Cir. 2009). We are not persuaded that Pena has demonstrated clear or obvious error. *See United States v. Brown*, 328 F.3d 787, 789–90 (5th Cir. 2003).

AFFIRMED.