United States Court of Appeals,

Fifth Circuit.

No. 92-4199.

Logan J. THERIOT, Plaintiff-Appellant,

v.

John P. WHITLEY, Warden Louisiana State Penitentiary, Defendant-Appellee.

April 7, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before HIGGINBOTHAM and DUHÉ, Circuit Judges and STAGG[1], District Judge.

PER CURIAM:

Logan Theriot appeals the district court's denial of his request for habeas corpus relief. Finding no error, we affirm.

*FACTS.*

On July 22, 1987, Theriot pleaded guilty to the second degree murder of his wife, Salvenne Theriot, in the 15th Judicial District Court in Acadia Parish. He was immediately sentenced to a term of life imprisonment at hard labor, without possibility of parole, probation, or suspension of sentence.

Theriot then appealed successively to the Louisiana Third Circuit Court of Appeals and to the Louisiana Supreme Court, requesting post-conviction relief. Each court denied his request without holding an evidentiary hearing. Appellant petitioned the United States District Court for the Western District of Louisiana,

[1]District Judge of the Western District of Louisiana, sitting by designation.

requesting a writ of habeas corpus. The district court declined to issue a certificate of probable cause. Theriot then appealed to this court, and a certificate of probable cause was issued on February 9, 1993.

In his appeal, Theriot raises three arguments: 1) he received ineffective assistance of counsel; 2) his guilty plea was not knowing and voluntary; and 3) if his first two arguments are rejected, he is at least entitled to an evidentary hearing on his claims.

*APPELLANT'S ARGUMENTS.*

*A. Whether Theriot received ineffective assistance of counsel.*

Theriot argues that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to investigate his mental competency. Appellant was arrested on April 30, 1987 and held in jail without bond. Sometime between May 1 and May 7, 1987, Theriot attempted to commit suicide in the parish jail by electrocution.[2]

He was taken to the Crowley Alcohol & Drug Abuse Clinic on May 7, 1989, where he was examined and evaluated by J. Darrel Vondenstein, a social worker at the clinic.

Mr. Vondenstein's notes revealed that Mr. Theriot was abusing alcohol and possibly pain pills. The notes indicated that Theriot was suicidal, was experiencing hallucinations and memory blockage, was in pain, was confused, and was consumed with self-pity. Vondenstein examined Theriot on several different occasions, the

---

[2]See record at page 59.

last of which was on July 23, 1989, one day after Theriot pleaded guilty to second degree murder.  Vondenstein's observations on that day were that appellant had little desire to live, was depressed and suicidal, and was abusing alcohol and pain pills.  Vondenstein noted that there had been no progress in Theriot's treatment, and that Theriot was very resistant to treatment.

Theriot argues that in light of his mental state, his attorney should have investigated his competency to plead guilty.  The only evidence in the record of Theriot's mental condition is the notes made by Vondenstein.  The record is glaringly devoid of any evidence placed before the court or Theriot's appointed counsel as to petitioner's mental capacity.

The test for determining whether a defendant received ineffective assistance of counsel was enunciated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To prevail, a petitioner must establish that 1) his attorney's representation fell below an objective standard of reasonableness;  and 2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.  *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2065, 2068.  This same test applies when a defendant alleges ineffective assistance of counsel in the context of a guilty plea.  *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).  In a guilty plea situation, to satisfy the second prong of the *Strickland* test, the defendant must show that "there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370.

It is a violation of his rights to due process to accept the guilty plea and conviction of a person who is mentally incompetent. A defendant can not waive this right. *Bouchillon v. Collins,* 907 F.2d 589, 592 (5th Cir.1990). As noted in *Bouchillon,* a claim of incompetence is difficult to analyze under the "outcome" test in *Strickland,* because whether the defendant was guilty or innocent is irrelevant if he was convicted while incompetent. Theriot can succeed in establishing that he was prejudiced by his attorney's failure to investigate only if he can demonstrate by a reasonable probability that he was incompetent to plead guilty. *Bouchillon,* 907 F.2d at 595.

In a federal habeas corpus proceeding attacking a state court conviction, the petitioner must prove that he "was incompetent in fact at the time of the plea." *Bouchillon,* 907 F.2d at 592. The test of incompetency is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Bouchillon,* 907 F.2d at 592, quoting *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 788, 4 L.Ed.2d 824 (1960).

In *Bouchillon,* the court found that counsel's lack of investigation into the defendant's competence did fall below reasonable professional standards, thus violating the mandate of

4

*Strickland.* However, in *Bouchillon,* the defendant had been treated in mental institutions in the past, and his attorney was cognizant of that fact. Additionally, a psychologist testified that Bouchillon was indeed incompetent to enter a plea of guilty. There is no evidence of such facts in appellant's case. Despite the lack of direct evidence that Theriot's counsel was aware of his suicide attempt, Theriot argues that a reasonable attorney should have known to investigate the competency issue. However, the absence of any authority for Theriot's position precludes such a conclusion.

In this case, Theriot has failed to establish that his counsel rendered ineffective assistance. He can not prove that, but for the errors of his counsel, there is a reasonable probability that the outcome of his situation would have been different. In other words, even if Theriot's counsel had investigated his competence to stand trial, Theriot must show that there was a reasonable probability that he was in fact incompetent.

This court is aware that petitioner is caught in a frustrating position. To establish that he received ineffective assistance from his trial counsel, Theriot must introduce evidence to support his assertions. However, the record is conspicuously silent, neither supporting nor refuting petitioner's claim. To deny relief seems harsh, because the reason for denial is lack of proof. However, the judicial system has a great interest in maintaining the finality of guilty pleas:

> Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest

5

> when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.

*Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), quoting *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

*B. Whether Theriot's guilty plea was knowing and voluntary.*

Theriot contends that his plea was not knowing and voluntary because the trial court failed to inform him of each element of the crime with which he was charged. The plea colloquy between the district judge and Theriot indicates that Theriot was not informed of the elements of second degree murder at the time he pleaded guilty to the crime.

A guilty plea is not voluntary unless the defendant has "real notice of the true nature of the charge against him." *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976), quoting *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). If the trial record shows that the defendant understood the elements of the charge against him, then the court's failure to inform him of those elements does not render the guilty plea infirm. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir.), *cert. denied,* 476 U.S. 1143, 106 S.Ct. 2253, 90 L.Ed.2d 699 (1986). The *Bonvillain* court held that the guilty plea form is "*prima facie* evidence that petitioner was informed of the

6

elements of ..." the crime.[3]  *Bonvillain,* 780 F.2d at 1250.

Theriot argues, however, that there is sufficient evidence in the record to show that the guilty plea form signed by him is of itself insufficient to surmount the constitutional requirement that the plea be knowing and voluntary.  However, appellant fails to direct the court to such evidence.  The guilty plea form indicates that Theriot was aware of the elements of the crime to which he was pleading.  Under *Bonvillain,* the form is *prima facie* proof of the validity of the plea.  Appellant has failed to rebut that evidence, and his claim is without merit.

*C. Whether Theriot is entitled to an evidentiary hearing on his claims.*

Appellant argues that, if his substantive claims are rejected by this court, he is at least entitled to an evidentiary hearing on his arguments.  To be entitled to a hearing on the issue of competency, a habeas petitioner must show that "there were matters known to the trial court that raised at that time a "real, substantial, and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel.' "  *Pedrero v. Wainwright,* 590 F.2d 1383, 1388 (5th Cir.), *cert. denied,* 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979), quoting *Bruce v. Estelle,* 483 F.2d 1031, 1043 (5th Cir.1973).  "Evidence must be presented which is sufficient to raise a "bona fide doubt'

---

[3]The guilty plea form signed by Theriot contains the following language, "I, Logan J. Theriot, on my plea of guilty to the charge of second degree murder L.R.S. 14:30.1, have been informed and understand the charge to which I am pleading guilty...."

as to the defendant's competency to stand trial." *Grissom v. Wainwright,* 494 F.2d 30, 32 (5th Cir.1974), quoting *Jordan v. Wainwright,* 457 F.2d 338, 339 (5th Cir.1972).

As discussed earlier, there is no evidence that the district court was aware of Theriot's suicide attempt. Nor is there evidence that Theriot behaved in a manner which should have alerted the trial judge to a potential competency problem. With respect to Theriot's subsequent rejected requests for a hearing, the record contains no evidence which creates a doubt as to Theriot's competency to plead guilty. Therefore, he is not entitled to a hearing on this issue.

Theriot's argument that he should receive a hearing on his claim of ineffective assistance of counsel is also without merit. A defendant is entitled to an evidentiary hearing if he alleges facts that, if proved, would entitle him to relief, and the record reveals a genuine factual dispute as to the alleged facts. *Johnson v. Estelle,* 704 F.2d 232 (5th Cir.1983); *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). To obtain a hearing on his Sixth Amendment claim, Theriot must make some showing that he was denied effective assistance of counsel. The lack of evidence with respect to whether Theriot was in fact incompetent precludes a finding that he was prejudiced by his counsel's actions. Therefore Theriot can not allege facts entitling him to relief.

For the foregoing reasons, the judgment of the district court is AFFIRMED.