**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-31025
Summary Calendar

RICKY D. FERRINGTON,

Plaintiff-Appellant,

VERSUS

KELLY WARD, Warden,

Defendant Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(CA-95-0740)

June 26, 1996

Before WIENER, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

Ricky D. Ferrington pleaded guilty to simple burglary in a Louisiana state court and was sentenced to 12 years' imprisonment. A number of other charges were dismissed and no habitual offender

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local rule 47.5.4.

1

bill was filed in accordance with a plea bargain agreement. After state courts affirmed his direct appeal and denied his application for post-conviction relief, Ferrington filed a petition for federal habeas corpus relief. The district court, adopting the magistrate judge's report and recommendations, dismissed his petition. We affirm.

EXHAUSTION OF STATE REMEDIES

Respondent, Kelly Ward, Warden ("the State") alleges that Ferrington's writ application should be dismissed for failure to exhaust state remedies because he did not pursue all state court appellate remedies on his direct appeal or his first application for post-conviction relief.

> Generally, the exhaustion requirement is satisfied if a claim has "been presented once to the state's highest court." Nevertheless, the habeas corpus applicant must provide the high state court with "a fair opportunity" to pass upon the claim. Generally, that means that the habeas corpus applicant must "present his claims before the [state] courts in a procedurally proper manner according to the rules of the state courts."

*Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)(footnotes omitted; brackets in original). The state does not specify any particular issues that it contends were not properly exhausted. The record reveals that Ferrington presented all but two of his habeas claims in a procedural posture in which the state courts could consider them, thus exhausting the state law remedies regarding the claims he presented. Two issues presented in this appeal -- that his counsel threatened him with a 30-year prison

2

term if he did not plead guilty and that counsel was ineffective for meeting with him only briefly before the plea hearing -- have not been exhausted.  However, after a careful record review, we have determined that these two contentions are without merit.  We therefore decline to modify the judgment to allow Ferrington to exhaust these claims, as to do so would be a waste of judicial resources.  *See Colvin v. Estelle*, 506 F.2d 747, 748 (5th Cir. 1975).

## VOLUNTARINESS OF GUILTY PLEA

Ferrington contends that his guilty plea was involuntary because he was not informed of all of the elements of simple burglary and because there was no factual basis supporting his plea.  In Louisiana, simple burglary is defined as "the unauthorized entering of any dwelling . . . with the intent to commit a felony or any theft therein[.]" LA. REV. STAT. ANN. § 14:62 (West 1986).  Specifically, Ferrington claims he pleaded guilty to simple burglary without knowing that intent to commit a felony or theft was one of the elements of the crime.

A guilty plea is not voluntary unless the defendant has real notice of the nature of the charge against him. *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994).  If the trial record shows that the defendant understood the elements of the charge against him, then the court's failure to inform him of those elements does not render the guilty plea infirm. *Id.* Ferrington

points out, correctly, that he was not advised orally on the record of the intent required for simple burglary by Louisiana law. However, Ferrington stated at the plea colloquy that he understood "everything transpiring here today" and his attorney stated that he was satisfied that Ferrington entered the plea freely and voluntarily and with an understanding of the charge as well as the consequences of the plea. The Bill of Information, filed five months prior to the plea hearing, clearly included the required element of intent. Whether a plea is voluntary is determined by considering all of the relevant circumstances surrounding it. *Brown v. Butler*, 811 F.2d 938, 940 (5th Cir. 1987). Based on the written notice in the Bill of Information, Ferrington's attorney's statements to the court and Ferrington's own statement to the court, we conclude that Ferrington received adequate notice of the intent requirement of his offense prior to pleading guilty.

State courts are under no constitutional duty to establish a factual basis for a guilty plea prior to its acceptance unless the judge has specific notice that such an inquiry is needed. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). Ferrington did not place the state trial court on notice until the sentencing hearing, which was held well after the court had accepted his guilty plea, that an inquiry into the factual basis was necessary.

We find that Ferrington has not shown that his plea was not voluntarily and knowingly made.

4

CONCLUSION

Ferrington's other claims do not merit discussion. Ferrington's motions for appointment of counsel on appeal and for release pending appeal are DENIED.

The district court's dismissal of Ferrington's habeas corpus petition is AFFIRMED.

5