# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-30886
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RONNIE RAY RADEMACHER,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-1569

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ronnie Ray Rademacher appeals the district court's ruling rejecting his claim of ineffective assistance of counsel. Rademacher plead guilty to conspiracy to possess with intent to distribute over 50 grams of methamphetamine and was sentenced to 240 months in prison. Prior to the plea, Rademacher's attorney, Robert Noel, had secured a plea agreement from the government containing standard cooperation language. Rademacher and Noel then met twice with DEA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agents in an effort to convince the government to make a motion under 18 U.S.C. § 3553(e) which would allow the district court to impose a sentence below the mandatory minimum of twenty years. Noel informed Rademacher that he had use immunity and that it was in his interest to share all information with the government. The meetings "did not go well" and the agents informed Noel that the DEA did not believe Rademacher would be able to provide information needed in order to get relief from the federal government. Noel attempted to obtain additional meetings with the DEA but was rebuffed. Rademacher claimed that the failure to inform him of the government's intention to not file a § 3553(e) motion was in error and resulted in ineffective assistance of counsel denying him of his Sixth Amendment rights. He filed a motion under 18 U.S.C. § 2255 to set aside the sentence. After an evidentiary hearing, the magistrate judge recommended a denial of the motion. The district court agreed and Rademacher now appeals.

In reviewing a denial of a § 2255 motion we review the district court's mixed factual and legal findings regarding ineffective assistance of counsel de novo and review any factual findings under the clearly erroneous standard.[1]

An ineffective assistance of counsel claim in this situation is evaluated under the standard set forth in *Strickland v. Washington*, which requires the petitioner to demonstrate both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defendant."[2] Deficiency is found where counsel's performance "falls short of reasonable performance under prevailing professional norms."[3] "In a guilty plea situation, to satisfy the second prong of the *Strickland* test, the defendant must show that 'there is a reasonable

---

[1] *United States v. Culverhouse*, 507 F.3d 888 (5th Cir. 2007).

[2] 466 U.S. 668, 687 (1984).

[3] *Day v. Quarterman*, 566 F.3d 527 (5th Cir. 2009).

probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[4]

In this case, the record demonstrates that Noel's performance was not deficient. Noel told Rademacher "point blank" that unless the government recommended a reduction under § 3553(e), he would face a minimum of twenty years in prison. At no point did Noel suggest to Rademacher that such a recommendation was likely, and it is clear from the record that Rademacher understood that the information he had given to the government was not sufficient. While it appears from the record that even after the plea Rademacher continued to believe there was an opportunity to obtain a sentence reduction under § 3553(e), there is nothing to indicate that Noel led Rademacher to this belief. None of the magistrate's findings were clearly erroneous.

Given the factual record, it is clear that the district court's finding that Noel was not deficient was not in error. Noel provided Rademacher with accurate advice concerning the urgency of cooperating with the DEA and the nature of the plea agreement. That Rademacher still believed before and after his plea that he would be able to cooperate and obtain a reduced sentence, even after the first two meetings had failed was not due to Noel's performance. For these reasons, the district court's decision denying Rademacher's motion is AFFIRMED.

---

[4] *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).