83,532-01

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
NO. WR-83,532-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 24 2015

Abel Acosta, Clerk

IN RE DIETRICK LEWIS JOHNSON SR, Relator

---

ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NOS. 219-81234-2012; 219-81235-2012; 219-82905-2012
IN THE 219th DISTRICT COURT FROM COLLIN COUNTY

---

TO: HONORABLE JUDGE'S OF SAID COURT:

I have forwarded you copies of everything I possibly can, to help assist you in your decision process. However, I have enclosed a copy of my 'C.O.A.' (Certificate of Appealability), in applicant's federal parallel case's.

Furthermore, there's also Exhibit's (A) and (B), demonstrating when the United States Magistrate Judge granted applicant an opportunity to withdraw his plea of guilty, and when the prosecutorial misconduct and malfeasance in office got the Magistrate Judge fact finding and recommendation denied.

I had my mother send copies of everything she had in her files to said court for review. I just wanted a fair process, which this fiasco denied me due process and equal protection of the law. I hope this C.O.A. will show this court exactly what the prosecution did in these Cause NOS..

Respectfully submitted,

(S) _Dietrick Lewis Johnson_
Dietrick Lewis Johnson Sr.
19831-078



IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

DIETRICK LEWIS JOHNSON, SR., §
               Petitioner, §
                   §
v.                  §
                   §
                   §
UNITED STATES OF AMERICA, §
               Respondent. §
                   §

APPEAL NOS. <u>4:14-CV-460</u>
               <u>4:14-CV-461</u>

DISTRICT COURT NOS.:
<u>4:12-CR-00080-001</u>
<u>4:13-CR-00088-001</u>

---

**PETITIONER'S APPLICATION FOR INSUANCE OF (C.O.A.), CERTIFICATE OF APPEALABILITY, PURSUANT TO FED. R. APP. P. 22(b)**

---

## RELIEF SOUGHT

Petitioner; "<u>Dietrick Lewis Johnson, Sr.,</u>" respectfully moves this court for a **Certificate of appealability**, within the meaning of Section <u>2253(c)</u> of Title 28 of the United States Code and Rule 22(b) of the Federal Rules of Appellate Procedure.

## GROUNDS FOR APPLICATION

### Nature of District Court Proceeding

In July of 2014, Petitioner filed a **Petition** for a Writ of Habeas Corpus, pursuant to Section 2255 of Title 28 of the United States Code. In that **Petition**, the Petitioner argued that his Detention by the Authorities of the Federal Bureau of Prisons was unconstitutional because:

(1)

## PROCEDURAL STATUS OF THE CASE

An Application to the Judge's of the Court of Appeals for a Certificate of Appealability, is appropriate at this time because:

1. The District Court entered a final, appealable judgment in this matter on; "July 29th, 2015," that denied the Petitioner relief on his Petition for Habeas Corpus.

2. Petitioner desires to appeal this judgment, as is authorized by Section 2255(a) of Title 28 of the United States Code. However, Section 2253(c)(1) and appellate Rule 22(b)(1) require a Certificate of Appealability, as a precondition of proceeding with the appeal.

3. A timely Notice of Appeal was filed in this matter on; _____.

4. Petitioner's Certificate of Appealability was denied by the District Court on; "July 29th, 2015."

## ARGUMENT IN SUPPORT OF ISSUANCE OF
## CERTIFICATE OF APPEALABILITY

I. Petitioner Has Raised Substantial Showing of Denial of Constitutional Right on Issue of; GROUND FOUR: in 28 U.S.C. § 2255, that his plea of guilty was not knowingly and voluntarily to the full consequences of his federal plea of guilty. On January 30th, 2013, the Court conducted a hearing on Defendant's Motion

(2)

to withdraw Plea of Guilty (Dkt. #36). The U.S. Assistant District Attorney; "Tracey M. Batson," had Defendant's parallel State Assistant District Attorney; "Cynthia A. Walker," actively participating in this federal hearing, sitting at the federal prosecutions table, on video and audio.

On March 4th, 2013, United States Magistrate Judge; "Amos L. Mazzant," in his fact finding and recommendation, was to grant Petitioner an opportunity to withdraw his guilty plea and take the case before a jury.

At hearing on January 30th, 2013, Defendant's former defense counsel; "Denise S. Benson," testified that she never advised the Petitioner of the consequences that his guilty plea would have on his parallel State case.

Further, the U.S. Assistant D.A. entered an objection March 18th, 2013, by submitting a **Declaration**, stating that the State would not use Petitioner's federal plea as a confession in the parallel State proceeding. Therefore, seeing that the State certified that they would not use the plea as a confession, On April 10th, 2013, the District Court Judge denied U.S. Magistrate Judge fact finding and recommendation.

**NOTE:** On "November 28th, 2012," five (5) months prior to the U.S. Assist. D.A. entering their objection, the State Assist. D.A. postponed Petitioner's parallel 9:30 A.M. Pre-Trial Hearing before; "Honorable Judge 'Scott J. Becker,'" until 1:30 P.M. that same afternoon. Further, the State Assist. D.A. drove to meet up with U.S. Assist. D.A. to retrieve a copy of the federal plea agreement.

At said postponed 1:30 P.M. Pre-Trial hearing, State Assist. D.A.; "Cynthia A. Walker," entered the federal guilty plea into District 219 Court (Dkt. 219-81234-2012 and 219-81235-2012), records, as a CONFESSION. The federal guilty plea was used as leverage, simply to box the Petitioner into an unconditional State guilty plea. The State Assist. D.A. plea offer's went from forty (40) years, to fifty (50) years, and finally to sixty (60) years, once the federal plea was entered into the Court's record November 28th, 2012. On the record, after, Hon. Judge Becker reviewed the federal plea, he reset matter's before him, to allow the Petitioner to be sentenced on his federal charges first.

KEY NOTE: Petitioner was not advised of and did not understand the consequences of the [guilty] plea. United States v. Gaitan, 954, F.2d 1001, 1011 (5th Cir. 1992)(quoting: United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990)). See: Exhibit's (A) and (B).

U.S. and State Assist. District Attorney's knowingly and willfully entered a fraudulent objection, knowing it to be false March 18th, 2013. The federal plea was entered as a CONFESSION, to box the Petitioner into an unconditional sixty (60) year plea agreement. Petitioner NEVER discussed wanting to plead guilty in the State parallel case's, the prosecutions upward departures demonstrates that fact. Petitioner entered into an unconditional plea of sixty (60) years, AFTER the federal plea was USED and ENTERED as a CONFESSION, not for rebuttal or impeachment purposes.

RELEVANT FACTS:   Petitioner must have notice of the true nature of the actual charges that's against him, (U.S. Assistant D.A. now contends that, 'Petitioner was never charged with weapon violation's).   See: The government's response to Petitioner's 2255 motion, pg. 11, lines 2 and 3, which clearly states that in Count(1) Petitioner was not charged with the use of a firearm. But in Count(2) and Count(3), Petitioner was charged with weapon violation's and given six (6) points for use of a firearm. Therefore, the government presented an illegally obtained firearm as evidence, to the Grand Jury, before their independent role of investigation; 'April 12, 2012.'   The Grand Jury returned a true bill on a Superceding Indictment as follows: "Count(1) 28 U.S.C. § 2119 on Agg. Car Jacking; Count(2) 18 U.S.C. § 924(c) on Possession of a firearm during and in relation to a crime of violence; and Count(3) 18 U.S.C. § 922(g)(1) on Felon in Possession of a firearm."

Petitioner must understand the consequences of his plea, and must understand the nature of the Constitutional protections he is waiving.  Matthew. 201 F.3d at 365.   These Undisputed Facts, affected the validity of the waiver itself in 'Cause No. 4:12-CR-00080-001.'

Defense counsel; 'Rafael De La Garza,' came to visit the Petitioner while he was in 'TDCJ,'after counsel filed an Anders Brief, and before a copy was mailed to Petitioner.  Counsel came to tell Petitioner that he was not being paid to file his 2255 motion, and about the machinations of the U.S. and State Assist. District Attorney's malfeasance in office.

<u>NOTE:</u> Waivers, what exactly is a "collateral attack waiver?"
"A collateral attack is an attack on a Judgment other than a
direct appeal." <u>Wall v. Kholi</u>, 131 S.Ct. 1278 (2011). A typical
collateral attack would be a Section 2255 motion challenging
that defense counsel's was ineffective. These attacks are colla-
teral, because Petitioner is attacking his conviction or sentence
indirectly, or from the side (as collateral means), by claiming
that counsel was at fault for the error. A direct appeal, on
the other hand, is a direct attack on the error itself and is
actually part of the criminal proceeding.

Waivers of the right to appeal have been around a while
and the courts generally allow these waivers, because a defendant
has no Constitutional right to appeal; it is a statutory right.
<u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). This doesn't mean
you can't waive your Constitutional rights, however, because
by pleading guilty you are already waiving your right to a jury
trial, which is a Sixth Amendment right. See: <u>United States
v. Ruiz</u>, 536 U.S. 7622, 628 (2002).

<u>Conflict of Interest</u>:
The Kentucky State Supreme Court just said that collateral
attack waivers "create a non-waivable conflict of interest bet-
ween the Defendant and his attorney." <u>United States v. Kentucky</u>,
State Bar Assoc., No. 20013-SC-000270-KB (ky. 2004). The court
also said it is an "ethical breach" by defense counsel. Id.
When viewed through the lens of conflict of interest, the problem
of collateral attack waivers becomes quite clear. "Counsel
owes the client a duty of loyalty, a duty to avoid conflicts

of interest." _Strickland v. Washington_, 466 U.S. 668, 688 (1984). The Sixth Amendment right to counsel includes the "right to representation that is free from conflicts of interest," _Wood v. Georgia_, 450 U.S. 261, 271 (1981), and this "conflict free" representation extends to plea negotiations. _Moore v. U.S._, 950 F.2d 656, 660 (CA10 1991). The Supreme Court even said that if a Petitioner can show counsel operated under a conflict of interest, he doesn't even have to show that he was prejudiced (that counsel's errors changed the outcome of the proceedings). _Cuyler v. Sullivan_, 446 U.S. 335, 350 (1980). Conflicts of interest are of great interest to the courts.

Plea Agreements are Contracts:

_Santobello v. New York_, 404 U.S. 257, 262-263 (1971). So, if we take a look at how a conflict of interest would affect a contract's validity, we see more issues that are fatal to the plea agreement, or "contract." If a party commits FRAUD while negotiating a contract, the contract is void as if it never existed. _Godly v. United States_, 5 F.3d 1473, 1476 (Fed. Cir. 1993)("A contract tainted by fraud...is void ab initio"). NOTE: The government, in its objection, submitted a fraudulent Declaration from the State, stating that they would not use the the federal plea as a CONFESSION, in Petitioner's parallel case's; March 18th, 2013." But, they knowingly and willfully entered the plea as a CONFESSION; November 28th, 2012."

RELEVANT FACTS: The government commits fraud during contract negotiations when it places a provision in the contract it knows will create a conflict of interest between defense counsel and

(7)

the defendant. A collateral attack waiver creates a conflict of interest between defense counsel and the defendant because it is unethical for defense counsel to advise his client to enter into a contract (to accept a plea offer) when the contract has a waiver preventing the client from later challenging his lawyers advise. The Bar Associations flatly says this is a conflict of interest, and now the courts are saying the same. What is fraud? "Fraud is a generic term." Ragland v. Shattuck National Bank, 36 F.3d 983, 990 (CA10 1994). It encompasses a broad range of ways 'by which another is cheated.' Id. There are actually 2 types of fraud: 'Intentional and Contructive.' Id. Intentional is when, obviously, a party intends to deceive the other party. Contructive, though, is broader and covers even intentional deception.

For example, when the government places a collateral attack waiver in the plea agreement, it creates a conflict of interest. And because the government knows this but fails to say anthing, it is fraud because the defendant has 'an underlying right to be correctly informed of the facts.' Id. Fraud occurs when a party in an agreement has a duty to speak but 'fails to disclose the whole truth.' Id. at 991. The government, as a party in the contract, has the obligation to say the waiver could cause a conflict of interest. It is constructive fraud when the government knowingly remains silent on that issue. Again, any fraud in a contract voids the contract as if never existed.

KEY NOTE: On October 14, 2014, Attorney General Holder directed his prosecutor's not to enforce collateral attack waivers in

existing plea agreements. And when the government purposely avoids enforcing a waiver provision in a plea agreement, the court abuses its discretion if it raises the issue. See: **Wood v. Milyard**, 132 S.Ct. 1826, 1833 fn. 5 (2012). This would now allow those who have been prevented from raising IAC claims in a Section 2255 to file their claims.

NOTE: The District judge denied Petitioner's 28 U.S.C. § 2255 motion, stating that he has not shown that the waiver was tainted by ineffective assistance of counsel. However, not only did Petitioner clearly demonstrate prosecutorial misconduct, that was so fundamentally defective it resulted in a miscarriage of justice. Furthermore, in a Rulle (11) proceeding, it is mandated that the judge comply with Rule (11). The Trial judge must personally inquire whether the defendant understood the nature of the charges against him. On the record, the court asked the defendant was he taking any illegal drugs, and he replid by saying; "NO." The court, not once asked the defendant was he taking any medication(s) prescribed by a doctor, for any medical reasons. The defendant was taking the prescribed drug; 'Zoloft' that was prescribed by Urologist; "Dr. Stephen Ash," for premature ejaculation suffering from Bladder Cancer. This drug is known to treat people who are suffering from depression or some form of mental deficiencies. Defendant was taking this drug for three (3) to four (4) times a day, up until his arrest; "March 26th, 2012." Therefore, it was impossible for the defendant to understand the true nature of the charges again-

st him, and the consequences of his guilty plea. Rule (11), in <u>United States v. Dayton</u>, supra, held that Rule (11) has three core concerns: (1) a guilty plea must be free from coercion; (2) the accused must know the direct consequences of the guilty plea; and (3) the accused must understand the nature of the charges against him. <u>McCarthy v. United States</u>, 394 U.S. 459, 22 L. Ed. 2d 418, 89 S.Ct. 1166.

Defense counsel; "Rafael Da La Garza," was also Petitioner's counsel on his parallel state case's. Counsel not only failed to have his client evaluated as promised, but he allowed him to plead guilty in open court, to charges that he knew the defendant did not commit. Counsel was aware that Petitioner wanted to take all his case's to trial, but hired a private investigator, not to investigate his client's innocence, but to help him persuade the defendant that he had no leg to stand on. Counsel, did not want to get caught up in another Trial, seeing that he was more concerned about flying back and forth to defend his big boy (drug dealer) in Chicago, Illinois. Counsel knew that there was some form of mental confusion with his client, who tried to withdraw from his guilty plea twice, scared off two defense counsel's in his mental state and caught three (3) additional charges while awaiting Trial on Cause No. 4:12-CR-80. Please refer to Petitioner's 28 U.S.C. § 2255 motion, affidavit in support, exhibit's, mainly the letter counsel wrote to the defendant, after he told counsel that he violated his 5th Amendment. See also <u>Exhibit-C</u>, where Petitioner was trying to get Discovery to prove his innocence, and was denied that right. Se <u>Exhibit-D</u>, when U.S. Magistrate judge denied motion.

II.   The Supreme Court has stated that an Attorney who seek to file an Anders Brief should consult with his client, to ascertain if he has any issues to pursue on appeal.  Counsel never did, and was ineffective for not raising a "DEAD-BANG" WINNER ON Direct appeal.  Velarde v. U.S., 927 F.2d 826 (7th Cir. 1992). See also; Henry v. Scully, 78 F.3d 51 (2nd Cir. 1996).

III.   The Supreme Court has also held that a Defendant is entitled to a Competency hearing and that the conviction may be overturned if the Court knew, or should have known, that the Defendant was incompetent, and it failed to hold a Competency hearing. Pate v. Robinson, 383 U.S. 375 (1996).  Drope v. Missouri, 420 U.S. 162 (1975).  Bouchillon v. Collins, 907 F.2d 589 (5th Cir. 1992). Counsel was ineffective for not raising Competency claims: Johnston v. Singletary, 162 F.3d 630 (11th Cir. 1998).  Theriot v. Whitley, 18 F.3d 311 (5th Cir. 1994).

Counsel was also fully aware of the Prosecutorial Misconduct and then, he filed an Anders v. California, stating that Petitioner had no grounds to appeal.  Counsel Prejudiced Petitioner's entire appeal process, by even taking on his Direct appeal, knowing that he would not protect this Petitioner's Constitutional rights, by filing ineffective assistance of Trial counsel on himself.

In Criminal Cause No. 4:13-CR-00088-001 and in Civil Cause No. 4:14-CV-461, the government Prejudiced the Petitioner when they convicted and sentenced him, on an Indictment that was returned by a Grand Jury whose Term Had Expired.  Therefore, the case should of been dismissed with Prejudice.

(11)

IV.  **Petitioner Has Satisfied All Procedural Prerequisites for Action by This Court.**

As shown in the Supporting Affidavit of; "Dietrick Lewis Johnson Sr.," the Petitioner has satisfied all of the procedural prerequisites to action by this Court on this Application for a **Certificate of Appealability**:

1.  The Petitioner has filed a timely Notice of Appeal.

2.  On "July 29th, 2015," the District Court **DENIED** this Petitioner a **Certificate of Appealability**, prior to applying for a Certificate from this said Court.

3.  The Petitioner has made more than a good faith effort to comfort this Application to all of the requirements set out in Appellate Rule 22 and Petitioner's Institution (Beaumont FCI Complex (Med)) cannot supply him with the 5th Circuit Rule, with their current system.

4.  The Petitioner has served all parties to this action with a copy of this Application and Supporting Paper's, as shown in the Attached Certificate of Service.

(12)

The Petitioner has also supplied this court with a copy of the District court's decision and will supply this court with any additional materials or arguments that it deems necessary for a prompt resolution of the Application.

## CONCLUSION

For the reason stated above, Petitioner and Appelant; "Dietrick Lewis Johnson Sr.," respectfully requests that this court issue the requested Certificate of Appealability, on the issues set forth in this Application.

(S) _Dietrick Lewis Johnson Sr._
Dietrick Lewis Johnson Sr.
19831-078
Beaumont FCI Complex (Med)
P.O. Box 26040
Beaumont, Texas 77720

Dated: _____



---

NITED STATES OF AMERICA vs. **DIETRICK LEWIS JOHNSON**
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN
DIVISION
2013 U.S. Dist. LEXIS 52385
Case No. 4:12cr80
March 4, 2013, Decided
March 4, 2013, Filed

---

**Editorial Information: Subsequent History**

Adopted by, Motion denied by United States v. **Johnson**, 2013 U.S. Dist. LEXIS 51448 (E.D. Tex., Apr. 10, 2013)

**Counsel**                       For **Dietrick Lewis Johnson**, Defendant: Rafael De La Garza, II, LEAD
ATTORNEY, De La Garza Law Firm, Plano, TX.
                                  For USA, Plaintiff: Tracey M Batson, U.S. Attorney's Office, U S
Dept of Justice, Plano, TX.

**Judges:** AMOS L. MAZZANT, UNITED STATES MAGISTRATE JUDGE. Judge Crone.

**Opinion**

**Opinion by:**          AMOS L. MAZZANT

**Opinion**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia A. Crone, the Court held a hearing on January 30, 2013, on Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge on August 8, 2012 (Dkt. #28).

## BACKGROUND

On August 7, 2012, Defendant appeared before the undersigned for his change of plea hearing. Defendant pleaded guilty to count one of the indictment charging a violation of 18 U.S.C. § 2119, Car Jacking. On August 7, 2012, Findings of Fact and Recommendation on Guilty Plea were entered. On August 8, 2012, United States District Judge Marcia Crone adopted the report, finding Defendant guilty of count one of the indictment. Defendant's plea agreement was pursuant to Fed. R. Crim. P. 11(c)(1)(C) where the parties agreed the appropriate sentence in this case is twenty (20) years.

On October 5, 2012, Defendant filed a motion to withdraw his plea of guilty. On October 19, 2012, the Court conducted a hearing on the motion, and at the hearing, Defendant withdrew his motion. On November 29, 2012, Defendant filed another motion to withdraw his guilty plea. On January 28, 2013, the Government filed a response. On January 30, 2013, the Court conducted a hearing on the motion. At the hearing, Defendant testified, as did his former counsel, Denise Benson. At the end of the hearing, the Court rejected all of Defendant's arguments except for one. The Court had a question whether Defendant's plea of guilty was a knowing and voluntarily plea, when Defendant

lyecases                                                1

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

indicated he did not know that his federal plea could be used against him in a parallel state proceeding. The Court allowed the parties to file additional briefs on this issue. On February 8, 2013, Defendant filed a brief, and on February 13, 2013, the Government filed a responsive brief.

## ANALYSIS

### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

### Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that he did not knowingly or voluntarily enter a guilty plea. Defendant bases this argument on the fact that prior counsel did not explain to him that his plea in federal court could be used against him in a parallel case in state court in Collin County, Texas.

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 750, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, and the specific elements of the crime.

Defendant testified that Ms. Benson never advised him of the consequence that his guilty plea would have on his parallel state case. Defendant further testified that he not did know that his guilty plea and factual statement could be admitted into evidence against him in the parallel state proceeding.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Defendant further testified that had he known that his plea of guilty in this case could be used against him in his state case, he would never have pleaded guilty in the federal case.

Ms. Benson then testified that she could not recall ever having the conversation with the Defendant where they discussed the consequences of his plea of guilty in his parallel state case. Ms. Benson testified that it is her practice to do so, but that she could not recall doing so in this case. Ms. Benson further testified that Defendant had informed her that he wanted to enter a plea to his state charges. However, no plea of guilty ever occurred in the state proceeding.

In their supplemental briefs, neither party was able to locate any Fifth Circuit case that addresses this situation. The Government does point out that "upon a showing of a 'fair and just reason' a district court may permit a defendant to withdraw a guilty plea at any time before sentencing." 1 The Court finds that the facts of this case demonstrate a fair and just reason to allow Defendant to withdraw his plea of guilty. In this case, Defendant testified that he would never have entered his plea of guilty to his federal case, if he had known that his plea here could have been used against him in his parallel state proceeding. The Court also has the testimony of his defense counsel, Ms. Benson, that although she typically informs her clients of this situation, she cannot recall doing so in this case. Since she cannot recall, the Court finds that there is no evidence that such warnings were given. Although the plan may have been for Defendant to enter a plea in state court, no such plea ever took place. Moreover, in the state case, the Court gave the Assistant District Attorney the opportunity to stipulate that the state would not use his federal plea as a confession in the parallel state proceeding, but the Assistant District Attorney would not so certify. If the state had certified, the Court would see that the failure to advise would be harmless. Since the stipulation did not occur, the Court must find that Defendant's plea was not made knowingly or voluntarily to the full consequences of his federal plea of guilty. The Court finds, based upon the totality of the circumstances, that there is a just and fair reason to allow Defendant to withdraw his plea of guilty.

During the hearing, Defendant was advised by counsel and the Court of the consequences of withdrawing his plea. Defendant was informed that if he proceeds to trial. he could receive a longer sentence than contemplated by his plea agreement. Defendant stated that despite the consequences, he wanted to withdraw his plea and proceed to trial.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36) should be **GRANTED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of March, 2013.**

/s/ Amos L. Mazzant

AMOS L. MAZZANT

1yecases

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

UNITED STATES MAGISTRATE JUDGE

**Footnotes**

1

The Government's supplemental response brief reviews what occurred at the Court's status conference when Defendant decided to not go forward with his first motion to withdraw his plea. The Government asserts that Defendant appeared to believe that the federal and state sentences would be served concurrently. Although the record is not clear on this point, it appears that Defendant thought that the sentences would run concurrently and that after he finished his federal time, his state sentence would also be completed. However, the state court plea never occurred.

1yecases                                        4

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Copy

UNITED STATES OF AMERICA versus <u>DIETRICK LEWIS JOHNSON</u>
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
2013 U.S. Dist. LEXIS 51448
CRIMINAL ACTION NO. 4:12-CR-80
April 10, 2013, Decided
April 10, 2013, Filed

**Editorial Information: Subsequent History**

Appeal dismissed by, Motion granted by United States v. <u>Johnson</u>, 2014 U.S. App. LEXIS 14029 (5th Cir. Tex., July 23, 2014)

**Editorial Information: Prior History**

United States v. <u>Johnson</u>, 2013 U.S. Dist. LEXIS 52385 (E.D. Tex., Mar. 4, 2013)

**Counsel** For <u>Dietrick Lewis Johnson</u>, Defendant: Rafael De La Garza, II, LEAD ATTORNEY, De La Garza Law Firm, Plano, TX.
For USA, Plaintiff: Tracey M Batson, U.S. Attorney's Office, U S Dept of Justice, Plano, TX.

**Judges:** MARCIA A. CRONE, UNITED STATES DISTRICT JUDGE.

**Opinion**

**Opinion by:** MARCIA A. CRONE

**Opinion**

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 4, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that the Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36) should be granted.

On March 4, 2013, the Magistrate Judge recommended that the motion be granted. The Magistrate Judge indicated that he gave the Assistant District Attorney the opportunity to stipulate that the state would not use Defendant's federal plea as a confession in the parallel state proceeding, but the Assistant District Attorney would not so certify. The Magistrate Judge then found that if the state had certified, the Court would see the failure to advise as harmless. The Magistrate Judge only determined that, since there was no stipulation, the Defendant's plea was not made knowingly or voluntarily to the full consequences of his federal plea of guilty.

On March 18, 2013, the Government filed objections. As part of the objections, the Assistant District Attorney has now certified that the State of Texas will not use the evidence of Defendant's federal plea against him in the state's case in chief, reserving the right to use his federal plea for rebuttal and impeachment. The Court agrees with the Magistrate Judge that once the State of Texas made the

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

certification that it would not use the federal plea against Defendant in its case in chief, the error was harmless.

The Court, having made a *de novo* review of Government's objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge, in part, as the findings and conclusions of this Court. It is accordingly

**ORDERED** that the Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36) is **DENIED.**

SIGNED at Beaumont, Texas, this 10th day of April, 2013.

/s/ Marcia A. Crone

lyecases                                        2

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.